CASE 41—ACTION FOR INJURY CAUSING DEATH—APRIL 13.

# Chesapeake & Ohio Railway Co. v. Judd's Administratrix.

### APPEAL FROM BOYD CIRCUIT COURT.

1. NEGLIGENCE—PEREMPTORY INSTRUCTION.—In this action for injury resulting in death, as the evidence showed that the engine furnished by defendant to plaintiff's intestate was totally unfit for use, while the evidence of his knowledge of that fact was conflicting, the court properly refused a peremptory instruction.

2. INSTRUCTIONS.—The court properly refused instructions offered by the defendant calling special attention to particular points in the evidence.

3. DAMAGES.—As the jury has separated its findings so as to fix $13,500 as the compensatory and $5,000 as the punitive damages, this court will disregard an erroneous instruction authorizing punitive damages, will reverse the judgment giving punitive ·damages and affirm that for compensatory damages.

WADSWORTH & COCHRAN FOR APPELLANT.

I. Appellant was entitled to peremptory instruction at the close of all the evidence.

(1) Because deceased knew defective conditioh of engine in question and assumed the risk thereof.

(a) Obviousness of defective condiction of machinery and opportunity to observe ·equivalent to actual knowledge. Bogenschutz v. Smith, 84 Ky., 330; L. & N. R. R. Co. v. Robinson, 13 Ky. Law Rep., 153; Lawrence v. Hagemeyer, 93 Ky., 590; Bradshaw's Admr. v. L. & N. R. R. Co., 14 Ky. Law Rep., 689.

(b) Defective condition of engine in question obvious and deceased had ample opportunity to observe it.

(c) Deceased had personally witnessed the engine do as; it did on occasion of accident and had been informed by engineer as to its condition before the accident.

(d) He was conductor of train and engine and engineer under his control and in his charge. It was his duty to know its condition. Mad River R. R. Co. v. Barber, 67 Am. Dec., 312.

(e) The fact that ·it had been in the repair shop the previous Saturday night did not authorize deceased to act upon the idea that it had been placed in sound and safe condition. It went into repair shop every Saturday night and the repairs there made had no permanent or reliable effect on its condition and this to knowledge of deceased if he knew that it was in the habit of going there.

(f) A promise to repair machinery not kept, after lapse of reasonable time to repair, or an assurance that it has been repaired when obviously it has not been, can not be relied on. M. H. & O. R. R. Co. v. Spears, 44 Mich., 169; Gulf, &c., Ry. Co., v. Brentford, 79 Tex., 619; Stephenson v. Duncan, 73 Wis., 404; Eureka Co. v. Bass, 81 Ala., 200; Lawrence v. Hagemeyer, 93 Ky., 591.

(g) Besides no evidence that deceased knew that engine in question had been in repair shop previous Saturday night.

(h) If deceased knew defective condition of engine and con-

sented to labor for appellant in connection with it in that con-
dition, neither he nor his personal representative has a right
to urge that appellant's business could have been conducted in
a less hazardous way. Bailey's Personal Injuries Relating to
Master and Servant, vol. 1, secs. 504, 505, 508.

(i) Burden on appellee to allege and prove want of knowledge
on part of deceased of defective condition of engine. New-
man's Pl. & Pr., 723; Erment v. Dietz, 44 S. W. R., 138; Logan
Co. Nat. Bk. v. Barkley, 46 S. W. R., 675; Bogenschutz v.
Smith, 84 Ky., 330; L. & C. Co. M. Co. v. Stephens' Admr., 47
S. W. R., 321; Bailey's Pers. Inj. Rel. to Mast. & Serv., vol. 1,
314; Needham v. L. & N. R. R. Co., 85 Ky., 423; O'Bannon's Admr.
v. L. & N. R. R. Co., 9 Ky. Law Rep., 706; Derby's Admr. v.
K. C. R. R. Co., 9 Ky. Law Rep., 153; Nance's Admr. v. N.
N. & M. V. Ry. Co., 13 Ky. Law Rep., 554; Bradshaw's Admr.
v. L. & N. R. R. Co., 14 Ky. Law Rep., 688; Passamaneck's Admr.,
v. L. Ry. Co., 98 Ky., 195; L. & N. R. R. Co. v. Miller, 15 Ky.
Law Rep., 699; Artz v. R. R. Co., 34 Ia., 153; Payne v. Chi-
cago, &c., R. R. Co., 136 Mo., 562.

(2) Because, according to the undisputed testimony, de-
ceased was guilty of contributory negligence, but for which
the injuries complained of would not have been sustained.

(a) Deceased attempted to make the coupling when the brake-
man, whose duty it was to make it, was proceeding to make it,
and when it was not his duty to make it, but to see that the
brakeman made it.

(b) He did not notify the fireman, acting as engineer, that
he was going to make it.

(c) He attempted to make it when, at the speed the engine
was approaching the caboose, it was dangerous to attempt to
make it at all. Lockwood v. C. & N. R. R. Co., 55 Wis., 50; Nu-
bals v. Chicago, &c., Co., 69 Ia., 156; Norfolk, &c., R. R. Co. v.
Colrett, 83 Va., 512; Kennedy v. Lake Superior, &c., Ry. Co., 87
Wis., 28.

(d) He chose a way of making the coupling which was the
most dangerous way in which it could have been made.

(e) To choose a way of doing a thing which is more danger-
ous than another mode which might have been chosen when
servant has choice of modes, is contributory negligence on part
of servant. Shearman & Redfield on Negligence, sec. 207; St.
Louis, &c., Co. v. Burke, 12 Ill., 369; Nolan v. Shickle, 69

Mo., 339; Russell v. Tillotson, 140 Mass., 201; Mobile, &c., Co. v. Holborn, 84 Ala., 137; English v. Chicago, &c., Ry. Co., 24 Fed. 906; Gordon v. Harley, 56 Fed. Rep., 973; Richmond & D. R., Co. v. Bivens, 103 Ala., 142.

II. A new trial should have been granted because the verdict of the jury was against the weight of the evidence and contrary to law.

III. The following instructions should not have been given to the jury:

(1) Instruction No. 3 because no evidence that decedent knew that appellant had undertaken to repair engine and assumed that if he knew the decedent had a right to presume that it had been put in safe condition. Under the circumstances he had no right so to presume.

(2) Instruction No. 7 contains wrong definition of contributory negligence. M. & L. R. R. Co. v. Herrick, 13 Bush, 122; Cincinnati, &c., Ry. Co. v. Palmer, 98 Ky, 382.

IV. The following instructions should have been refused:

(1) Instruction "B" because evidence tending to show engine in question suitable for the work in which it was engaged.

(2) Instruction "C" and "L" because defect in shackle-bar not patent; and if patent, decedent's opportunity of discovering it as great as appellant's.

(3) Instruction "D" because unless decedent knew that engine had been in repair shop the previous Saturday night and had reason to believe that it could have been, and was put in a reliable condition, the fact that it had been there had no bearing on the case.

(4) Instructions "F," "G," "H," "I," "J," and "K" because they were the law of the case and appellant was entitled to have the whole law given. Holmes' Common Law, 111.

(5) Damages allowed excessive. R. R. Co. v. Kelly's Admr., 38 S. W. R., 852; s. c. 40 S. W., 452; Ry. Co. v. Lang's Admr., 40 S. W. R., 451; s. c. 41 S. W. R., 271; R. R. Co. v. Eakin's Admr., 45 S. W. R., 529.

SAME COUNSEL IN PETITION FOR REHEARING.

W. S. PRYOR AND J. A. SCOTT FOR APPELLEE.

Counsel discussed *seriatim* the points urged by appellant's counsel for reversal and cited:  M. & L. R. R. Co. v. Herrick,

13 Bush, 125; Barland v. Barrett, 76 Va., 136; 36 Miss., 640; 67 N. Y., 52-56; L. & N. R. R. Co. v. Kelly's Admx., 100 Ky., 448; Judd's Admx. v. C. & O. Ry. Co., 18 Ky. Law Rep., 747.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted by the appellee against the appellant to recover damages for the death of the intestate, who was her husband, who, while in the employ of the appellant as conductor of a freight or construction train, was killed, as is alleged by gross carelessness and willful negligence of defendant, its agents, etc., in the year 1892, and for which she sought to recover the sum of $40,000.

The answer may be treated as a denial of all the averments of the petition tending to show a right to recover, and also contains a plea of contributory negligence, all of which was controverted by the reply.

The first trial resulted in a verdict and judgment in favor of plaintiff for $10,000, which the circuit court set aside, and awarded appellant a new trial. After considerable delay, another trial was had, and at the conclusion of plaintiff's testimony the circuit court gave peremptory instructions to find for the defendant, and from that judgment plaintiff prosecuted an appeal to this court, and also prosecuted an appeal from the judgment awarding the new trial aforesaid. This court reversed the latter judgment, rendered under the peremptory instruction of the court, but declined to order the circuit court to render a judgment upon the verdict for $10,000 damages.

After the return of the case to the circuit court, another trial was had, and the jury rendered a verdict in favor of the plaintiff (now appellee) for $13,500 for the loss of power to earn money, and $5,000 punitive damages; and, appellant's motion for a new trial having been overruled, it prosecutes this appeal.

Many technical questions were raised during the trial,

which we deem unnecessary to discuss or decide. But few or any of them are insisted on in this court. But it is earnestly contended for appellant that the court should have given a peremptory instruction to find for the defendant. The evidence in this case is as strong as, if not stronger than, at the time the court gave a peremptory instruction to find for the defendant, which was reversed by this court; and it may well be conceded that the decision of this court is conclusive as to the right of plaintiff to have the case submitted to a jury; and, if plaintiff's testimony authorized a submission to the jury, it necessarily follows that no amount of testimony introduced by the defendant could authorize the court to take the case from the jury on a peremptory instruction. Such action would, in effect, nullify the right of trial by a jury. But we are not disposed to place our decision entirely, or even chiefly, upon the former opinion of this court. The evidence in this case conduces to show that the engine furnished by defendant to plaintiff's intestate to use and operate was totally unfit for the use to which it was devoted, and this proposition is not seriously controverted by the appellant, but it insists that the deceased knew, or could by ordinary diligence have known of the defects of the engine, and, that being the case, it is the contention of appellant that no recovery can be had. It is also contended that the deceased was negligent in his attempt to couple the cars, at which time he lost his life; and it is ably and extensively argued that he was negligent in many respects.

It is also contended for appellant that the court erred in giving and refusing instructions. We are, however, of opinion that the court did not err in refusing to give the instructions offered by appellant. Many of them tend to specially call attention to particular points in the evidence.

[ 24 ]

Such instructions have been uniformly condemned by this court. We are further of opinion that the instructions given by the court, except instruction No. 7, were quite as favorable to appellant as it was entitled to, and correctly stated the law applicable to the case on trial.

It may be conceded that there was some testimony introduced conducing to show that the deceased knew, or might have known, of the defective condition of the engine; but the preponderance of the evidence tends to show that some of the material defects which caused the injury, or from which it resulted, were not known to deceased, and could not, with ordinary care on his part, have been discovered; and it was for the jury to weigh, and determine from all the facts and circumstances the truth of the matters in issue.

It is also insisted for appellant that the verdict for $13,-500 is excessive. But there is nothing in this case to indicate that the jury was influenced by passion or prejudice, and the question of damages has always been considered peculiarly within the province of the jury; and inasmuch as the jury heard all of the witnesses, and were presumably familiar with the facts and circumstances surrounding the case, we are of opinion that the verdict was not excessive in this case.

Instruction No. 7 reads as follows: " 'Gross negligence,' as used in these instructions, is the absence of ordinary care."

It seems to us that this instruction would probably lead the jury to believe that they might find punitive damages in a case of mere ordinary negligence. We are not inclined to the opinion that, under the testimony in this case, ordinary negligence could or should be considered gross negligence; and inasmuch as the jury has separated

its findings as to compensatory and punitive damages, and inasmuch as this case has been in court for many years, we are of opinion that the ends of justice will be subserved by reversing so much of the verdict and judgment as allows any punitive damages, but allowing the verdict and judgment to the extent of $13,500 to stand.

The judgment appealed from is therefore reversed and the cause remanded, with directions to the court below to set aside the $5,000 verdict and judgment for punitive damages, and to render judgment only for $13,500, and for proceedings consistent herewith.