CASE 19.—ACTION BY RACHEL THOMAS AGAINST THE CINCINNATI, NEW ORLEANS & TEXAS PACIFIC R. R. CO. AND OTHERS FOR DAMAGES FOR PERSONAL INJURIES.—November 20.

# Tomas v. Cincinnati, N. O. & T. P. Ry. Co., &c.

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

Railroads—Injury to Trespasser—Liability of Company.—A railroad company is not liable for injury to a trespasser on the right of way and distant from a crossing, whose presence was not known, from the falling from the tender of a passing train of a gate usually used to keep the coal back, but which had temporarily been laid on top of the coal; this being at most negligence, and not recklessness or wanton disregard of life.

CAMPBELL & WILLIAMS, attorneys for appellant.

1. The court in handing down his opinion sustaining the motion of the defendants for a peremptory instruction, stated that in his opinion the only duty that the defendant owed the plaintiff was to exercise ordinary care, and that in his opinion under the proof the defendants exercised ordinary care toward the plaintiff as required by law.

Thomas v. Cincinnati, N. O. & T. P. Ry. Co , &c.

We contend the court erred in giving the peremptory instruction, for if the defendants owed the plaintiff any duty at all, it was for the jury to say whether such care was exercised and not for the court. The principle is so elementary we deem it unnecessary to cite any authority to sustain it.

2. The doctrine of appellant's contributory negligence can not be interposed in this case, because in this State it is an affirmative plea and must be proven as alleged and must appear to be the proximate cause of the injury. (Thompson on Negligence, vol. 1, sections 46 and 221; Newport, L. & A. Turnpike Co. v. Pirman, 82 S. W., 976; Biglow on Torts (students' series), pp. 339, 340, 341.)

O. H. WADDLE & Son for appellee.

There is no dispute as to the fact that appellant at the time the injury was received was using the railroad right of way, and was therefore a trespasser.

In all actions there must be some right invested in the plaintiff and some corresponding duty owing to the plaintiff and the breach of this duty. This violation of the plaintiff's right and a breach of the duty owing to him by the defendants is what makes the wrong which gives the plaintiff a cause of action, and we submit that it is elementary that these elements must exist before there is any cause of action existing.

AUTHORITIES CITED.

1. Negligence—Failure of Proof—Peremptory Instruction. (Beiser v. Chesapeake & Ohio R. Co., 29 Ky. Law Rep., 249; Johnson v. Louisville & Nashville R. R. Co., 29 Ky. Law Rep., 36; Willis v. Maysville & B. S. R. Co., 29 Ky. Law Rep., 178; L. & N. R. Co. v. Baden, 29 Ky. Law Rep., 365; L. & N. R. Co. v. Wade, 18 Ky. Law Rep., 549; Conley's Admr. v. C., N. O. & T. P. R. Co., 89 Ky., 402; DeWitt's Admr. v. L. & N. R. Co., 29 Ky. Law Rep., 1161; Brown's Admr. v. L. & N. R. Co., 17 Ky. Law Rep., 145; Chesapeake & O. R. Co. v. Nipp's Admr., 50 Ky. Law Rep., 1131.)

2. New Trial—Motion for—Time of Filing. (Loving v. Warren County, 14 Bush, 316; Ky. Code of Practice, section 342; Kistler v. Slaughter, Jr., 20 Ky. Law Rep., 1937.)

OPINION OF THE COURT BY JUDGE HOBSON— Affirming.

Appellant was walking beside appellee's railroad track and on its right of way through the country. She was not on or using any crossing. A passing freight train, going at a high rate of speed, came around a curve in the track at that point, when a coal gate, a wooden structure of slats used in the tender of the locomotive to keep the coal back, and which had been laid on top of the coal temporarily by the fireman, toppled off and struck appellant, inflicting painful injuries, for which she has sued. Her presence on the track was unknown to appellee or those in charge of the train. At the close of her evidence the court peremptorily directed a verdict and judgment for appellee.

Appellant relies on Conley's Adm'r v. C., N. O. & T. P. Ry. Co., 89 Ky. 402, 12 S. W. 764, 11 Ky. Law Rep. 602. In that case a cut of freight cars was turned loose down the track on a dark night, without light or person in charge to give warning of its approach, when it ran over Conley, in the town of Burgin. Conley was held to be technically a trespasser, but was at a point in a town where people might reasonably be expected to be found upon the railroad track at any time. The court held that the act was so reckless and wanton, and in such utter disregard of human life as to smack of savagery. It was likened to one's turning loose a dangerous and vicious animal on his own premises, where technical trespassers were known to be or reasonably expected. The company was held liable. Are the cases parallel? The Conley case might be likened to the old spring

gun cases. No one has the right to kill people merely because they are trespassers. To turn loose a rapidly moving train of cars at nighttime, without light, warning, or control, and under conditions where it is reasonably certian they will run down persons on the track, trespassers and all others, would be highly anti-social and utterly devoid of thought for human life. In the case at bar the act was not necessarily dangerous. It may have been careless, in a sense, such that, had the injury been inflicted upon a person to whom the company owed an active duty, it would have been responsible for. But the gate was not likely to fall off the tender in the usual course of things. As placed it was in no sense reckless, or a wanton disregard of human life. It was about as innocent as any careless act could be. Unless, therefore, the same liability is to be imposed upon railroads with regard to trespassers, and employes and passengers, putting all on substantially the same footing as respects the company's duty toward them, the actual difference in their relation must form the distinction in the company's duty toward them.

This actual difference is, passengers are received at known times and expected places. They can be provided for, and must be. Employes have designated places to work, and are furnished implements of the company's selection with which to do their work. They perform their duties at times, in places, with appliances, and under rules all governed by the company. Their safety can be reasonably provided for. But trespassers come and go at all times, at all places, ungoverned by rules, and unmindful of duties. The company, not knowing when and where to look for them, is unable to guard against every kind of injury to them. Many kinds of danger to them, the

Thomas v. Cincinnati, N. O. & T. P. Ry. Co., &c.

most usual, and at the most usual places of resort by them, must be looked out for, and the trespassers protected from injury, if then possible, as we have repeatedly held. If they are seen in time to avert their injury, they must not be hurt, is the universal rule. Manifestly the least duty is owing to them by the railroad company, not because their lives are regarded as of less value, nor because they forfeit either life or limb by their heedless act. The distinctions are based upon just grounds—are consonant with the best judicial thought and the soundest public policy. If, on the other hand, the railroad company were required at its peril to keep a constant lookout for trespassers on its right of way along its whole route at all seasons and hours, and in addition equip and manage its trains and build its track and trestles with the idea of responsibility to them, no longer would there be any distinction between the duty owed those rightfully and those wrongfully using the railroads tracks and property. A too tender regard for the latter would be apt to work more injustice than otherwise. It would, too, encourage a species of lawlessness and recklessness in a class already too prone to take all kind of chances. Negligence is the antithesis of duty. Where there is no duty, there cannot be negligence. As appellee was not under the duty to anticipate appellant's presence at the point where she was then hurt, and as it did not in fact know of her presence, it was not required to make its trains safe as to her. The fact that they were unsafe, but not recklessly or wantonly so, was not, therefore, a breach of duty to her, and is not actionable negligence.

The judgment is affirmed.