CASE 41.—ACTION BY A. W. MURRAY, SR., AGAINST CHES-
    APEAKE & OHIO RAILWAY COMPANY OF KEN-
    TUCKY AND THE CHESAPEAKE & OHIO RAIL-
    WAY COMPANY.—February 2, 1909.

# Murray v. Chesapeake & Ohio Ry. Co. of Kentucky.

Appeal from Greenup Circuit Court.

Judgment for defendants and plaintiff appeals.

Affirmed as to the Chesapeake & Ohio Railway of
Kentucky and reversed as to the Chesapeake & Ohio
Railway Company.

1. Negligence—Actions—Allegations.—A general allegation of
   negligence, showing the extent of the injury and the manner
   in which it was caused, is sufficient; but, if specific acts
   are alleged, they must be sufficient to present a cause of
   action.
2. Negligence—Actions—Allegations—Contributory Negligence—
   Necessity of Negativing.—In an action for negligence, plain-
   tiff need not negative his own negligence.
3. Negligence—Actions—Proof—Variance.—Where the petition
   alleges certain specific acts of negligence, other negligent
   acts cannot be relied on.
4. Railroads—Injuries to Persons on Track—Actions—Sufficien-
   cy of Allegation—Negligence.—Allegations that, while plain-
   tiff was on a railroad bridge, he was negligently run over
   by defendant's engine, because of the negligence of its serv-
   ants in operating the train, sufficiently alleged negligence to
   entitle plaintiff to recover upon showing that defendant dis-
   covered his peril in time to avoid the injury.
5. Pleading—Allegations—Conclusions—Validity of Conveyance.
   —In a personal injury action against two railroad com-
   panies, allegations that the conveyance by one of them of
   the control and possession of its road to the other road,
   which was a foreign corporation, was ultra vires and void
   under Const. section 203, prohibiting any corporation from

alienating its franchise, so as to relieve it from any liability incurred in the use of such franchise, and section 211, prohibiting foreign corporations from acquiring real estate, etc., in this state, without incorporating herein, were insufficient to show that the conveyance was void, being a mere conclusion.

6.   Railroads—Companies Liable for Injuries.—Where one of two railroads, against whom an action was brought for injuries on a bridge, had conveyed its road to the other before the accident, it was not liable for the injuries.

ALLAN D. COLE and W. T. COLE for appellant.

W. D. WADSWORTH, LeWRIGHT BROWNING, ALEX. P. HUMPHREY and JOHN T. SHELBY for appellees

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER.

Plaintiff, A. W. Murray, Sr., instituted this action against the defendants, Chesapeake & Ohio Railway Company of Kentucky and the Chesapeake & Ohio Railway Company, to recover damages for personal injuries. A demurrer was sustained to the petition and the petition was dismissed. To test the validity of this ruling the plaintiff appeals.

The petition is as follows:

"Plaintiff states that on or about June 1, 1906, the defendant, the Chesapeake & Ohio Railway Company of Kentucky, a consolidated corporation composed of the Big Sandy R. R. Co., the Kinniconic & Freestone R. R. Co. and a consolidated company formerly known as Chesapeake & Ohio Railway Company of Kentucky, as its constituent corporations, was created, organized and now exists under the laws of Kentucky; that said constituent corporation formerly known as Chesapeake & Ohio Railway Company of Kentucky was created and organized on or about

July 1, 1904, and composed of the Maysville & Big
Sandy R. R. Co., Lexington & Big Sandy R. R. Co.
and the Covington Short Route Railway & Transfer
Co.; that the defendant, the Chesapeake & Ohio Rail-
way Company of Kentucky, as successor of the Mays-
ville & Big Sandy Railroad Company and of said
Chesapeake & Ohio Railway Company of Kentucky,
does now and at all times herein mentioned since its
creation has owned and held a line of railway run-
ning along the Ohio river from Covington, Ky., over
and along Front St. in the city of Maysville, Mason
county, Ky., and through Greenup county, Ky., to
the city of Ashland, Ky.; that under and by virtue of
the corporate powers obtained through the charter
of the said Maysville & Big Sandy Railroad Com-
pany, the defendant, the Chesapeake & Ohio Railway
Company of Kentucky on or about July 1, 1906, en-
tered into a contract or lease with its co-defendant,
the Chesapeake & Ohio Railway Company, a corpor-
ation created, organized and existing under the laws
of Virginia, to operate and manage for a term of
years yet unexpired its said line of railway from
Covington, Ky., through said counties of Mason and
Greenup to Ashland, Ky., and thereupon said Chesa-
peake & Ohio Railway Company, as lessee under
said contract, took possession of said line of railway
as operating agent and has since said time been con-
tinuously in possession and control of and has oper-
ated said line of railway subject to the paramount
authority of its lessor and co-defendant, the Chesa-
peake & Ohio Railway of Kentucky. The plaintiff
states that subsequent to the execution of said lease
and prior to the injuries hereinafter mentioned, the
defendant, the Chesapeake & Ohio Railway Company
of Kentucky, undertook contrary to sections 203 and

211 of the Constitution of Kentucky, to convey all of its said tangible property by general warranty deed to its co-defendant, the Chesapeake & Ohio Railway Company, a Virginia corporation, but which deed of conveyance, plaintiff avers is and was ultra vires, null and void, and in no wise affects the relations between said corporations under said lease.

"Plaintiff states that on or about the —— day of December, 1907, while he was upon the bridge crossing Little Sandy river in Greenup county, Kentucky, he was without fault on his part carelessly and negligently run into, upon and against by the locomotive engine and train of cars of the defendant, the Chesapeake & Ohio Railway Company, a Virginia corporation, whereby he was bruised and injured on and about his head, arms, legs and body and made to suffer great pain and agony of body and mind, was confined to his bed and was prevented from doing any work for the space of eight weeks, and was put to the expense of $35 in his efforts to be cured of said injuries.

"Plaintiff states that the carelessness and negligence aforesaid was the joint and concurrent negligence of the said Chesapeake & Ohio Railway Company, its agents and servants and the said Chesapeake & Ohio Railway Company of Kentucky, its agents and servants, defendants herein.

"Plaintiff states that his said injuries was caused by the negligence and carelessness of the defendant, its agents and servants in carelessly and negligently operating said train and cars attached thereto, and that by reason thereof he has been damaged in the sum of $5.000.

"Wherefore plaintiff prays judgment against the defendants, the Chesapeake & Ohio Railway Com-

pany of Kentucky and the Chesapeake & Ohio Railway Company in the sum of $5,000, and all proper relief."

It has been determined time and again by this court that in an action for personal injuries it is sufficient to charge in a general way that the injuries or death for which the recovery is sought was caused by the negligence of defendant. Plaintiff is not required to state the circumstances or details under which the injury was accomplished, in order to show that it was occasioned by negligence, or to state facts showing that he was not guilty of negligence, thus anticipating the defense. An allegation of the extent of the injury, or the manner in which it was caused, has always been considered sufficient. (Davis' Adm'r v. Ohio Valley Banking & Trust Co., 106 S. W. 844; Chiles v. Drake, 2 Metc. 146; L., C. & L. R. R. Co. v. Case's Adm'r, 9 Bush 728; L & N. R. R. Co. v. Mitchell, 87 Ky. 327; L. & N. R. R. Co. v. Rains, 15 Ky. Law Rep. 423.)

If, however, the negligence is specified, the pleader will be confined to the negligence relied on. (W. A. Gaines & Co. v. Johnson, 105 S. W. 382.) Furthermore, if plaintiff attempts to specify the negligence of defendant, he must state such facts showing negligence as constitute a cause of action. (Lexington Railway Company v. Britton, 114 S. W. 295, 130 Ky. 676.)

The rule laid down in Embry v. L. & N. R. R. Co., 18 Ky. Law Rep. 434, does not conflict with the doctrine that negligence may be alleged in general terms. In that case the plaintiff did not allege negligence in general terms, but attempted to specify the negligence. He based his right of recovery on the failure of defendant to warn him. Plaintiff's own petition showed that he was a trespasser. This court proper-

ly held that no such duty developed upon the defendant, and the petition did not, therefore, state a cause of action.

In the case of Gividen's Adm'r v. Louisville & Nashville R. R. Co., 17 Ky. Law Rep. 789, the plaintiff also attempted to specify the negligence of defendant. In that case plaintiff's intestate was injured at a private crossing. The negligence charged against the defendant was its failure to cut the bushes and other undergrowth near its road so that one on the track might be seen; and that on account of the obstruction the deceased could neither see nor hear the train, and that the defendant failed to give signals and neglected to see deceased. This court held that the railroad company owed the decedent no duty, either to remove the bushes and other undergrowth, or to be on the lookout for her, or to give her any warning of the train's approach. For this reason a demurrer was sustained to the petition.

It will be seen, therefore, that the question does not turn upon whether or not the plaintiff is a trespasser or licensee; it depends altogether whether the negligence is alleged in general or specific terms. If the latter, no other negligence can be relied upon, and the facts alleged must constitute a cause of action.

In our opinion, the allegations of negligence contained in the petition herein are sufficient. Under such allegations the plaintiff could recover if he established the fact that his danger was discovered in time for the injury to have been avoided by the exercise of reasonable or. ordinary care on the part of those in charge of the train. (Hoskins' Admx v. L. & N. R. R. Co., 17 Ky. Law Rep. 78; L. & N. R. R. Co. v. Wade, By, &c., 18 Ky. Law Rep. 549; L. & N.

R. R..Co. v. Tinkham's Admx, 19 Ky. Law Rep. 1784; Dilas' Admr v. Chesapeake & Ohio Ry. Co., 24 Ky. Law Rep. 1347.)

It appears, however, from the petition that the Chesapeake & Ohio Railway Company of Kentucky, prior to the time of plaintiff's injuries, transferred the control, possession and operation of its line of railroad, running through the county where plaintiff was injured, to the Chesapeake & Ohio Railway Company. After alleging this fact, plaintiff attempts to counteract the effect of the conveyance by charging that the deed was contrary to sections 203 and 211 of the Constitution of Kentucky, and was ultra vires, null and void. In our opinion this allegation in regard to the invalidity of the deed in question is simply a conclusion of law. No facts are alleged from which we could determine whether the allegation of the petition is true or not. We, therefore, conclude that the allegation of the petition upon this point is insufficient. Having shown that the conveyance from the Chesapeake & Ohio Railway Company of Kentucky to the Chesapeake & Ohio Railway Company was made prior to the injuries complained of, and the allegations of the petition not being sufficient to show that the deed of conveyance was void, we are of the opinion that the petition fails to state a cause of action against the Chesapeake & Ohio Railway Company of Kentucky. The lower court, therefore, properly sustained the demurrer of the Chesapeake & Ohio Railway Company of Kentucky to the petition. The demurrer of the Chesapeake & Ohio Railway Company should have been overruled.

Judgment affirmed as to the Chesapeake & Ohio Railway Company of Kentucky, and reversed as to the Chesapeake & Ohio Railway Company, and cause remanded for proceedings consistent with this opinion.