## Welch v. Louisville & Nashville Railroad Company, et al.

### (Decided February 24, 1915.)

### Appeal from Bell Circuit Court.

1. Railroads—Trespassers—Duty to Flag Trains.—A railroad company is not under the duty of flagging trains so as to prevent injury to a trespasser on its right of way unless necessary, in the ordinary exercise of care, to avoid injuring her after her peril is discovered.

2. Railroads—Trespassers—Personal Injuries—Evidence.—In an action for damages for personal injuries, evidence examined, and held that defendants did not fail to exercise ordinary care to avoid injuring plaintiff after her peril was discovered.

3. Railroads—Trespassers—Public Road—Evidence.—In an action for damages for personal injuries, evidence examined, and held insufficient to show that plaintiff was on a public road at the time of the injury.

4. Evidence—Photographs.—A photograph taken some time after the accident is not competent for the purpose of showing the position of plaintiff at the time of the accident.

5. Trial—New Trial—Newly Discovered Evidence.—A new trial will not be granted on the ground of newly discovered evidence where the petition fails to state facts making the evidence admissible, and the facts stated do not show that the evidence was such that it could not, by reasonable diligence, have been discovered prior to the time of the trial.

J. M. GILBERT and J. J. TYE for appellant.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN and CHAS. W. METCALF for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries, the trial court directed a verdict in favor of the defendant, and the plaintiff appeals.

The facts are these:

The Louisville & Nashville Railroad operates a line extending from Pineville up Straight Creek to some coal mines six or eight miles distant. Plaintiff lived on this line about two miles from Pineville. Between four and five o'clock on December 1, 1913, she was going from Pineville to her home. She was traveling along the right of way. The section hands that had charge of the section of the road extending from Pineville up Straight Creek lived up Straight Creek. After their day's work was done, it was customary for them to ride home on a hand car. On the afternoon in question, the members of the section crew were on the hand car proceeding up Straight Creek. While proceeding on their way, a passenger train passed them. The members of the crew knew that this train and an engine used by the Continental Coal Corporation were above them, and would return that evening. In front of the hand car was a push car loaded with supplies. Shortly after passing the plaintiff, the Continental Coal Corporation engine, which was running about fifty miles an hour, ran into the hand car and push car and wrecked them. The wreck occurred in a cut. On the side of the track is an embankment some five feet high. Beyond the embankment is a public road running parallel with the track. When plaintiff saw the members of the section crew fleeing from the hand car, she ran towards the embankment. She claims to have

been struck on the back of the head by a dipper, and elsewhere on her body by the debris from the wreck. There was evidence to the effect that it was customary for the section crew, before reaching the place where the wreck occurred, to send out a flagman to protect the hand car from approaching trains. On the occasion in question, the foreman did not do this, although his attention was called to the necessity therefor. It does appear, however, that shortly after passing plaintiff, the foreman took the flag and ran forward to flag the engine. He was too late, however, to avoid the wreck. At the time she was injured, plaintiff was standing on the edge of the bank, down next to the dirt road.

The accident in question happened in the country. It was not alleged or proved that defendant's right of way at the place of accident was used by the public in such large numbers as to impose on the defendant the duty of anticipating the presence of persons on the track, and therefore of taking precautionary methods to avoid injuring them. In the absence of allegation and proof to the contrary, it must be assumed that plaintiff was a mere trespasser. While it may be that defendants' servants failed to exercise ordinary care in order to prevent the collision in question, such failure cannot be regarded as negligence so far as plaintiff is concerned. Actionable negligence consists in the failure to exercise that degree of care towards plaintiff which was due her by the defendants under the circumstances. In the absence of duty, there can be no negligence. It is the settled rule in this state that the only duty owing to a trespasser is to exercise ordinary care to avoid injuring him after his peril is discovered. A railroad company is not under the duty of flagging its trains in order to avoid injuring a trespasser, unless reasonably necessary to avoid injuring him after his peril is discovered. Thomas v. C., N. O. & T. P. Ry. Co., &c., 127 Ky., 159; L. & N. R. R. Co. v. Wade, 18 Ky. L. R., 549; Singleton v. Felton, 101 Fed., 526.

The evidence fails to show that the injury to plaintiff could have been avoided by the exercise of ordinary care after her peril was discovered. As soon as the noise of the approaching engine was heard, one of the section crew ran forward to flag the train. Until that time her peril was not discovered, and it was then too late to avoid the collision.

The only ground upon which negligence as to the plaintiff could be predicated, if it could be predicated at all, would be that plaintiff was actually on the public road at the time she was injured, and because of this fact she was in a place where the defendants owed her a legal duty to exercise ordinary care in the operation of their train. On this point we have carefully considered the evidence. The position of plaintiff at the time of the alleged injury was brought to her attention by numerous questions. On one occasion she said: "I was down next to the dirt road." On another occasion she said: "No, I was standing on the edge of the bank down next to the dirt road." On another occasion she said: "I had went over that bank, and was standing right by the side of the dirt road." On still another occasion she said: "I could step one step and be in the dirt road." Thus it will be seen that plaintiff, though repeatedly asked the question, utterly failed to say that she was in the public road at the time of the accident. True, there is in the record a photograph showing that plaintiff was standing in the road. This photograph was taken some time after the accident. Plaintiff went with the photographer and stood where she claims to have been standing when the accident occurred. In other words she merely posed for the picture. While photographs properly proven are competent for the purpose of showing conditions existing at the time, and the fact that a person occupying the position of the injured party is shown in the photograph is not ground for rejecting it as evidence where the photograph is used merely to illustrate to the jury the circumstances under which the accident occurred (Bowling Green Gaslight Co. v. Dean's Ex'tx., 142 Ky., 679); yet photographs are not admissible when taken after the accident to show the precise position of the party at the time of the accident. The party assumes the position, and as the picture is taken for the purposes of the trial, and the photographer relies on her statement, the effect is the same as if the photographer had gotten on the stand and testified that plaintiff told him that she was standing at that particular place. In other words, the photograph is self-serving, and cannot be used either to corroborate plaintiff, or supply evidence, as to her precise position at the time of the injury.

Lastly, it is insisted that the trial court erred in refusing a new trial. The application was based on the ground of newly discovered evidence to the effect that the public road formerly covered the bank on which plaintiff was standing. The trial court was justified in refusing a new trial on two grounds: The petition itself did not state facts showing that plaintiff was in a position where any precautionary duty was owing to her, and was not sufficient, therefore, to authorize the introduction of evidence that she was in a position where the company owed her such a duty. Dilas' Admr. v. C. & O. Ry. Co., 24 Ky. L. R., 1347; Embry v. L. & N. R. R. Co., 18 Ky. L. R., 434; Murray v. C. & O. Ry. Co., 139 Ky., 379. Furthermore, the facts alleged are not sufficient to show that plaintiff could not, by the exercise of ordinary diligence, have secured the evidence in time for the trial.

Judgment affirmed.