## Allender Company v. Browning's Administratrix.

(Decided February 2, 1932.)

274

R. W. KEENON, TODD & BEARD and WILLIAM SANDIFER, JR,. for appellant.

GILBERT, PICKETT & KINSOLVING for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

The Allender Company, a corporation whose principal place of business is at Lexington, is engaged in the business of trucking freight for hire. On the 20th day of September, 1930, one of its trucks operated by Tevis Mullins, a colored man, came in collision with an automobile driven by Ira Browning, and, as a result of the

impact, the automobile was badly wrecked, and Mr. Browning sustained injuries from which he died within a day or two thereafter. The accident occurred on state highway No. 60, about three or four miles east of Shelbyville, and within a few hundred feet of the home of Ora Riggs.

In an action in the Shelby circuit court for damages for the death of Mr. Browning and for the damage done to his automobile and alleged to have been caused by the negligence of the driver, his administratrix, Lillian Browning, recovered a judgment for $10,000. The company has appealed.

As grounds for reversal, it is argued: (1) That the damages awarded are excessive; (2) that the verdict is flagrantly against the evidence, and not sustained by it; (3) that the court erred in not granting a new trial on account of newly discovered evidence; (4) error in admission of incompetent evidence and refusing to admit competent evidence; (5) error in instruction to the jury; (6) that the trial judge made improper and prejudicial statements in the presence of the jury during argument of counsel for appellant. These grounds will be considered in the order indicated and as they are treated in appellant's brief.

The evidence shows that at the time of his death Mr. Browning was nearing his fifty-eighth birthday; that his life expectancy, according to the mortality tables, was 16.63 and that prior to his injury he was healthy and able-bodied; that he owned a farm upon which he and his family resided and which he and his son cultivated. Mr. Fry, cashier of the bank, where Mr. Browning did his banking testified that his annual earnings amounted to between $1,000 and $1,200, basing his evidence on the bank's records of Mr. Browning's account. Mrs. Browning, the widow and administratrix of decedent, who was permitted to testify without objection, stated that her husband's annual earnings were from $1,200 to $1,500.

It is argued by appellant's counsel that if the amount of recovery in this case be put at interest, it would produce a sum equal to the net earnings of deceased and leave the principal intact to the estate. Much of this argument is largely speculative, and finds little support in the evidence. It is a matter of common knowledge that the farmer's income is not always correctly reflected by his bank account, as much of the farm products go to the

family living or are exchanged for other commodities, or for cash not shown by his bank account. Because of the variableness of the factors and elements entering into a calculation of the sum that will compensate the estate of a deceased person for the destruction of his power to earn money, courts have been unable to fix a standard by which to determine whether or not a verdict is excessive. In this, as well as in other jurisdictions, we find the fixed rule to be that a verdict of a jury will not be disturbed as excessive unless it is apparent that it was the result of passion or prejudice. This rule as clearly expressed in the case of West Ky. Coal Co. v. Shoulders' Adm'r, 234 Ky. 427, 28 S. W. (2d) 479, 484, is:

> "The matter at last must be left to the sound discretion of a jury (L. & N. Ry. Co. v. Cox's Adm'r, 137 Ky. 388, 125 S. W. 1056—erroneously styled Cox's Adm'r v. L. & N. Ry. Co. in 137 Ky. 388), and the established rule in this state is that the court will not interfere with the discretion of the jury, unless the amount of damages allowed is so large and disproportionate to the probable loss as to strike the mind at first blush as necessarily the result of passion and prejudice on the part of the jury, or the consequence of a mistake in the application of the law."

In the case of Chesapeake & O. Ry. Co. v. Judd's Adm'x, 106 Ky. 364, 50 S. W. 539, 20 Ky. Law Rep. 1978, this court held that a verdict for $13,500 as compensatory damages for the death of a conductor of a freight or construction train was not excessive; however, nothing is said in the opinion as to the age, state of health, or the earnings of the deceased.

In the case of Louisville & N. Ry. Co. v. Park's Adm'x, 154 Ky. 269, 157 S. W. 27, it was held that a verdict for $6,000 for the negligent death of deceased who had a life expectancy of 12 years and an earning capacity of $1,000 a year was not excessive.

In the case of Louisville & N. Ry. Co. v. Ueltschi's Ex'rs, 97 S. W. 14, 29 Ky. Law Rep. 1136, it was held that a verdict for $10,000 was not excessive, where deceased, a prosperous farmer about 60 years of age, had an income of about $1,500 a year.

In the light of the evidence, and with these cases as a guide, there is nothing to indicate that the verdict is

the result of passion or prejudice on the part of the jury or that it is excessive.

Argument made by counsel for appellant that the verdict is against the weight of evidence really is a challenge of the credibility of the witnesses. Ora Riggs had gone to the highway in front of his home to pay Orville Ward and Gayle Fortner for work they had been doing for him, and appellant's truck passed while these parties were conversing. Some peculiar grating sound in the gears of the truck attracted their attention, and they all testified that they saw the truck until it met and collided with Browning's automobile. These witnesses stated that, before meeting the automobile, a portion of appellant's truck was over to the left of the center of the road, and that the truck was traveling at a rate of about 20 to 25 miles per hour. They further testified that at the time the collision occurred the car in which Browning was driving was proceeding at a reasonable rate of speed, and was out to the edge of the metal on the right-hand side of the road. Their evidence indicates that the truck had passed far over the center line of the road when it struck the automobile. Other evidence corroborates the statements of these witnesses.

The driver of the truck and his helper, who was accompanying him, testified that they were driving to the right of the road; that they saw Browning's car approaching in a zigzag manner, and pulled over to their extreme right where the automobile came in collision with their truck. They are corroborated by other witnesses, though there is a sharp conflict both as to how and when the accident occurred.

Evidence for appellant indicates that it was too dark for a person at any distance to have seen how the accident occurred, while witnesses for appellee are positive and direct in their statements that they could and did see it. To hold in this case that the verdict is not sustained by the evidence would be to say that appellee's witnesses are not worthy of belief. There is nothing in the record leading to such a conclusion, and, as a matter of fact, we are not called upon to determine the credibility of the witnesses, as that is a matter peculiarly within the province of the jury. It is the fixed policy of this court not to disturb the verdict of a jury, unless it is palpably against the weight of the evidence. Liverpool Ins. Co., Etc. v. Wright, 158 Ky. 290, 164 S. W. 952;

Breathitt County v. Turner, 223 Ky. 727, 4 S. W. (2d) 695; Louisville & Nashville Ry. Co. v. Mink, 179 Ky. 625, 201 S. W. 16.

One of the grounds for a new trial was newly discovered evidence, and, in support of this ground, appellant filed the affidavit of Dr. W. L. Gray, the newly discovered witness. The statement of this witness as contained in the affidavit is in substance and effect as follows: He was at the Kings Daughters Hospital when Mr. Browning was brought there, immediately after the accident, and was called in and assisted in holding him on the operating table. He stated that Browning was very boisterous and drunk, "threw up," and that the odor of whiskey was very strong. He further stated that he stayed at the hospital all night, and was called in by a nurse to assist in giving the patient a hypodermic; that at the time he was swearing, and stated that he did not want any veterinarian to work on him. It appears from the record that Dr. Gray is a veterinary surgeon.

On the trial, the driver of the truck testified that, when he stooped down over Mr. Browning shortly after the accident in an attempt to identify him, he detected the odor of liquor on his breath. Another witness testified that he saw Mr. Browning at Waddy before he left for Shelbyville and a short time before the accident occurred, and that he smelled liquor on his breath.

A number of witnesses, including three doctors who treated him at the hospital, testified that they did not detect the odor of liquor about Browning, and saw nothing to indicate that he was intoxicated. Since the question as to the condition of deceased with reference to sobriety was gone into on the trial, it is apparent that the evidence of the newly discovered witness would be merely cumulative. On the hearing of the motion for a new trial, the affidavits of the doctors who attended Mr. Browning in the hospital were submitted. They state in the affidavits that they did not detect the odor of whisky about the patient, and some of them state that Dr. Gray was not called in and did not assist in the treatment of Mr. Browning, and that they had no knowledge of his presence there at the time, if, indeed, he was present.

A new trial should not be granted on the ground of newly discovered evidence where the exercise of reasonable diligence would have discovered the evidence before the trial. Welch v. L. & N. Ry. Co., 163 Ky. 100, 173

S. W. 338. If, as shown by the affidavit, Dr. Gray was present and assisted the physicians in their treatment of Mr. Browning, and at the request of nurses and attendants ministered to him thereafter, it would appear that reasonable diligence and inquiry would have revealed this fact to appellant. But, aside from any question of diligence, the granting or refusing to grant a new trial for newly discovered evidence is a matter which addresses itself to the sound discretion of the trial court. Maynard v. Boram, 180 Ky. 392, 202 S. W. 863; Penn Mutual Life Ins. Co. v. Robert, 207 Ky. 524, 269 S. W. 736. A new trial should not be granted because of newly discovered evidence of a cumulative nature which is not of such decisive character as would probably have a controlling effect on the verdict of the jury. Kentucky Traction & Terminal Co. v. Waits, 167 Ky. 236, 180 S. W. 356; Inter-Southern Life Ins. Co. v. Cooke, 183 Ky. 109, 209 S. W. 45.

It is insisted by counsel that the court erred in permitting the witness Ora Riggs to testify as to the speed of the automobile because the witness stated that he had his back turned to the road and was not in position to see. A reading of the evidence of the witness Riggs reveals that counsel has fallen into error in making this contention. The witness does state that his back was turned to the road at one time while he was talking with Ward and Fortner, but that his attention was attracted to the truck, and he turned and saw the truck and the Browning car. Further complaint is made that this witness was permitted to tell how certain marks came on the asphalt surface of the road. The witness stated that these marks were made by dragging the wrecked automobile over the asphalt surface. He testified that he saw the wrecked car dragged along the highway, and certainly it was competent for him to tell that marks found on the road were made by this, as it appears that this was a matter within his knowledge. It is further complained that the court did not permit a witness of appellant to answer certain questions propounded, but we find no avowal as to what the witness' answer would have been, and, in the absence of such avowal, appellant will not be heard to complain on appeal.

Complaint is made of instruction No. 1 because it imposed upon the driver the duty of operating the truck at a reasonable rate of speed. The basis of this contention is that the witness, Ora Riggs, testified that neither

car was being driven over 20 miles per hour. Some of the witnesses stated that the truck was traveling at a rate of 20 to 25 miles per hour. The evidence shows that appellant's truck was of a capacity greater than two and three-quarter tons. Therefore, under the provisions of section 2739g-51, Ky. Statutes, it was prima facie evidence of unreasonable and improper driving to drive it at a rate of speed in excess of 15 miles an hour at the place where this accident occurred. Under the general provision of the section, it is the duty of the operator of a motor vehicle upon a highway to drive at a reasonable and proper rate of speed, having regard for the traffic and use of the highway. Under the evidence, the court properly submitted to the jury the question as to whether the truck was being driven at a reasonable rate of speed. Neither is this instruction erroneous because it required the driver of the truck, in meeting decedent's car to keep to the right of the center of the road.

Instruction No. 2 on the measure of damages is criticized because it did not authorize the jury, in arriving at the amount of damage, to consider the age, state of health, earning capacity, occupation, and probable duration of life, of deceased. Counsel cite some earlier cases seemingly supporting this contention, but the trend of more recent cases is that, in instructing on the measure of damage in cases of this character, the court should follow the approved form of instruction, and in the case of Louisville & N. Ry. Co. v. Kenney's Adm'r, 162 Ky. 403, 172 S. W. 683, 686, the approved form is given in these words: "Such damages as you may believe from the evidence will reasonably and fairly compensate decedent's estate for the destruction of his power to earn money," etc.

In the case of Louisville & N. Ry. Co. v. Hays' Adm'r, 128 S. W. 289, 292, this court condemned an instruction on the measure of damages in a death case because of the words, "And the jury may consider the age of decedent and his reasonable expectancy of life," and said that the jury should be left to fix the reasonable compensation of decedent's estate for the destruction of his power to earn money according to all the evidence in the case. The instruction in question follows the approved form.

This instruction also comes under criticism of counsel because the maximum recovery authorized by it

is $30,390, when the correct total of the items mentioned is $30,300. Manifestly this slight discrepancy in the figures did not in any way control the jury in returning the verdict.

It is urged that instruction No. 3 is erroneous, in that it did not impose upon appellee's intestate the duty of having two lights showing on the front of his automobile. The driver of the truck and his helper testified that they saw the automobile driven by deceased approaching them, and the driver testified that the lights on the automobile were burning. It is not claimed, and there is nothing in the evidence to indicate, that the failure of deceased to have the lights on, if, indeed, there was any such failure, in any way contributed to, or brought about, the accident.

In the trial of the case, appellant offered evidence to the effect that, after the sheriff arrived at the scene of the accident and made some investigation he did not arrest or detain the driver of the truck or his helper, but permitted them to proceed to Lexington. The court refused to admit this evidence, and properly so, we think. Counsel for appellant in argument before the jury made reference to matters about which the court refused to permit evidence. Objections to the argument were sustained, and counsel was admonished by the court. It is urged that the court's admonition or reprimand of counsel in the presence of the jury was prejudicial. In the argument of a case before a jury, counsel should stay within the record, and if he goes beyond the reasonable bounds of legitimate argument, he should be admonished by the court, but, wholly apart from any question as to the propriety of the court's admonition, it is clear that nothing was said or done in this instance to prejudice or poison the minds of the jury against appellant.

Judgment affirmed.