## Denny v. Rudy et al.

(Decided Nov. 18, 1938.)

VERT C. FRASER for appellant.

FLOURNOY & FLOURNOY for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Appellant filed suit in the Webster circuit court alleging that on March 8, 1937, while walking across the street in the town of Clay, she sustained personal injuries by the negligence of appellee, William Johnson, who was driving the truck of appellee, Wilson Rudy. Issue was joined and a trial had before a jury which resulted in a verdict for the appellees on which judgment was entered in appellees' favor and from that judgment this appeal is prosecuted.

Appellant urges in her brief three grounds for reversal, namely, (1) the verdict was flagrantly against the evidence; (2) the court erred in permitting the appellees to introduce incompetent evidence; and (3) the court erred in permitting incompetent argument to the jury by appellees' counsel.

As the judgment must be reversed on ground two, it is not necessary to pass on grounds one and three, for on the next trial the evidence might not be the same and, as a result of our ruling on ground two the argument complained of by appellant will not occur.

The evidence in this case shows that the accident in controversy, in which appellant received her injuries, occurred at a street intersection in the town of Clay. Shortly after the accident A. H. Perkins, chief of police, went to the scene of the accident and made an investigation, examining marks on the street and talking to some of the people who were standing around, including the driver of the truck, William Johnson.

Mr. Perkins was called as a witness for appellees and over appellant's objection was permitted to testify to the jury, which testimony appears in the bill of exceptions in narrative form as follows:

"He testified that he talked to some of the people who were standing around, including Mr. Lauvin, and the driver of the truck, Willie Johnson, and

others and he looked at the marks on the street and after his investigation he did not place any charges against Mr. Johnson or arrest him but let him go on with the truck."

Obviously, this is incompetent and highly prejudicial evidence and this court has heretofore decided that it is incompetent in the case of Allender Company v. Browning's Adm'x, 242 Ky. 273, 46 S. W. (2d) 116, where the court said [page 119]:

"In the trial of the case, appellant offered evidence to the effect that, after the sheriff arrived at the scene of the accident and made some investigation, he did not arrest or detain the driver of the truck or his helper, but permitted them to proceed on to Lexington. The court refused to admit this evidence, and properly so, we think."

This was the only mention of the evidence in that case, no reason for the decision being assigned by the court. As a matter of fact, it is hardly necessary to assign a reason as the evidence is so plainly incompetent and prejudicial, but we will give our reasons briefly.

Almost every type of reckless or negligent operation of an automobile has been made a criminal offense by a statute or ordinance and particularly is it true that operation thereof beyond certain speed limits constitutes a violation of statute or ordinance; in this case appellant's evidence was largely directed at negligent driving on the part of Johnson at an excessive rate of speed.

It is the duty of an officer of the law to arrest, or cause to be arrested, any person operating an automobile at a speed greater than the legal limit and, where an officer makes an investigation and causes no arrest, the natural presumption is that, in his opinion, no arrest was justified and no violation of law has been committed.

The practical effect of admitting the testimony above quoted was that this witness was permitted to say to the jury in effect:

"Gentlemen of the Jury: I went to the scene of this accident shortly after it took place, looked over the situation, talked to witnesses and the driver of the truck and came to the conclusion that he was not

operating the truck carelessly or at an illegal rate of speed when he struck this child.''

In practical effect this is the equivalent of permitting opinion evidence, based largely on hearsay testimony received by the witness and it is highly incompetent and prejudicial. It lays the groundwork for an argument to the jury that a highly respectable officer of the law investigated the accident and did not believe the truck driver was operating the truck at an unlawful rate of speed and did not believe the driver had committed any wrong. In fact, this line of argument was actually indulged in in the case by appellees' counsel as indicated in the bill of exceptions.

We have no hesitancy whatever in saying that this evidence admitted over the objection of appellant was plainly incompetent and highly prejudicial and that therefore the judgment must be reversed with directions to grant a new trial and for further proceedings consistent with this opinion.