# Nolan v. Commonwealth.

January 13, 1950.

P. H. Vincent for appellant.

A. E. Funk, Attorney General, H. D. Reed, Jr., Assistant Attorney General, and Thomas Burchett, Commonwealth Attorney, for appellee.

STANLEY, COMMISSIONER—Affirming.

The appellant, Dock Nolan, was convicted of willfully and maliciously shooting and wounding Elza

Neece with the intent to kill him, and his punishment fixed at twelve years confinement in the penitentiary. KRS 435.170.

The contention that the verdict is palpably against the weight of the evidence requires a brief summary.

The parties were neighbors and cousins by marriage. They had been friendly until they had a fight about eight months before the present occurrence. Both men had then been wounded quite severely and bad feelings existed between them. They happened to meet at Kettle's store and pool room on the afternoon of March 17, 1949. According to the evidence of the Commonwealth, Nolan asked Neece to step outside to talk with him. They went around the building and engaged in some conversation. Nolan produced a bottle of whiskey and gave Neece a drink. Nolan was drunk. They apparently agreed to "bury the hatchet" and become friendly. However, Neece asked Nolan to return some tools he had borrowed three years before. This seemed to incense Nolan. Neece walked away, and thereupon Nolan fired at him five or six times. Two bullets struck him in the back of the body and after he had fallen, he was shot three times more. Neece is corroborated as to the action of the two men by the composite testimony of several apparently disinterested witnesses. Neece was sober and not armed in any way.

The defendant's version is entirely different. He testified that Neece invited him out of the store and offered him a drink saying, "Let's make friends." Nolan told h'm, "I have been sick and don't care anything about drinking, but if that is the way you feel about it, I will take a drink with you." Thereupon Neece reached me the bottle and I seen he didn't look right. He was looking right in my face and I said, 'You keep it, I don't believe I want it.' We started away walking side by side and he said, 'I can't make you drink—' and ripped out an oath and said, 'but I can make you wish you had.' Then he reached for h's gun and I let him have it." The defendant testified they were walking together side by side when he fired. Asked, "Did you shoot him after he fell?" he answered, "I think I shot him three times." He was carrying the pistol that day because Neece had been threatening him, and he believed Neece had a gun on him, though he did not see

any pistol or weapon. The defendant denied being drunk.

The recitation of the conflicting accounts makes it manifest that the jury was justified in accepting the very persuasive evidence of the Commonwealth rather than the word of the defendant as to what happened.

A district detective made photographs of the front and side of the store building and spaces before each. He testified they were made right after the shooting and were accurate representations of the situation. These photographs were filed as exhibits over the defendant's objection. Neither photograph showed an outhouse, which seems to have been back of the building and near which it appears the trouble between the two men started. Later, a witness marked on one of these photographs a window out of which he was looking and the places Nolan and Neece were when he saw them. Objections to this were overruled, and it is now claimed that the admission of the photographs and this evidence was prejudicial error.

The fact that the photographs did not show the entire premises or particular place where either or both of the participants say they were in the beginning did not make them inadmissible. They were relevant and competent for what they did show. McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 1100.

To sustain the point that it was improper to permit the witness to mark on the photograph his own location and that of the participants, the appellant relies upon the rule which excludes photographs showing persons posing in what they claim were the precise positions of the parties or of an automobile or other moving object at the time of the occurrence upon which the action was based. The exclusion is upon the ground that the evidence or manifestation is in effect self-serving and is hearsay on the part of the photographer. Welch v. Louisville & N. Railroad Co., 163 Ky. 100, 173 S. W. 338 and Nunnelley's Adm'r v. Muth, 195 Ky. 352, 242 S. W. 622, 27 A. L. R. 910, are typical. It is the posing of the individual that renders such a photograph inadmissible and not the portrayal of the fixed situation. The rule is, therefore, in no way applicable to this case. For a witness to demonstrate to the jury by pointing

out on a picture where he was when he saw what he testified to seeing and where the parties were is no different than for him to indicate the positions on a plat or diagram or to describe them verbally. The demonstrative testimony was competent. Shelton v. Commonwealth, 226 Ky. 460, 11 S. W. 2d 125.

The judgment is affirmed.