## Belcher v. Sandy Valley & Elkhorn Railway Company.

(Decided February 27, 1925.)

### Appeal from Pike Circuit Court.

1. Railroads—Railroad Held Not Liable for Injury to Pedestrian on Track.—Railroad was not liable for injury to pedestrian walking along track at night, at least a half mile from a small town, in absence of evidence as to amount or extent of travel at that point at that hour of the night.

2. Appeal and Error—Question of Due Selection of Jury Mentioned in Motion for New Trial, but Not in Bill of Exceptions, Not Properly Before Court.—Question as to selection of jury raised in motion for new trial, but not in bill of exceptions, is not properly before court on appeal.

3. Jury—New Trial—Question as to Selection of Jury Waived, where Not Raised by Proper Motion Before Return of Verdict.—Question as to selection of jury, not raised by proper motion before return of verdict, was waived, and is not available for new trial.

4. Trial—Reading of Pleadings Admitted in Evidence Held Not Error.—Where pleadings were introduced in evidence, action of

court in permitting counsel during argument to jury to read pleadings held not error.

5. Appeal and Error—Reading of Pleadings to Jury Not Reversible Error.—Action of court in permitting counsel during argument to jury to read pleadings which had been introduced as evidence, even if error, could not be so prejudicial as to authorize reversal.

6. Trial—Failure to Instruct as to Trainmen's Duty to Maintain Lookout as Train Approached Crossing Held Not Error.—In action for injuries to pedestrian, alleged to have been sustained when struck by train at crossing, even if the great preponderance of the evidence showed that the injury occurred as pedestrian was walking along track longitudinally and not at the crossing, and only negligence alleged was absence of headlight and failure to signal by bell or whistle, failure of court to instruct as to trainmen's duty to maintain lookout as train approached crossing held not error.

7. Negligence—Litigant Confined to Specified Acts of Negligence.— A litigant seeking recovery for negligence may charge it in general terms, and then prove any appropriate act of negligence as' proximate cause of his injuries, but, if he specifies the negligence in his pleading, he will be confined to the specified acts.

8. Railroads—Lookout Duty Imposed in Furtherance of Last Clear Chance Doctrine.—Lookout duty is imposed largely in furtherance of the last clear chance doctrine, since its purpose is to discover person who has negligently placed himself in peril in time to prevent injuring him, by the exercise of ordinary care.

PICKLESIMER & STEELE for appellant.

HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On July 15, 1920, at about 10:30 p. m., a train of the appellee and defendant below, Sandy Valley and Elkhorn Railway Company, collided with appellant and defendant below, McKinley Belcher, at a place on the railroad track not far from the mining village of Burdine and crushed his right foot so that it became necessary to amputate his leg just above the knee. He filed this action in the Pike circuit court to recover damages therefor, alleging in his petition, in substance, that he was walking on the railroad track longitudinally and in the incorporated town of Burdine, a thickly populated community, and where a great number of people had customarily used the track as a walkway to such an extent as to require the company, its agents and servants in the operation of its trains to anticipate the presence of persons, under the doctrine announced by this court in numerous

cases, and have its train under control; that upon the occasion complained of it, its agents and servants in charge of the train that injured him failed to perform those duties and that the train was operated through the corporate limits of Burdine "without using any headlight upon said defendant's engine, and without ringing any bell, or blowing whistle when the said engine and cars were passing through the said town of Burdine," and that he did not receive notice of the approach of the train until it was so near him that he was unable to get out of its way, although he attempted to do so and stumbled over one of the rails, falling to the ground when he was immediately injured.

More than a year after the filing of the petition, which was verified by plaintiff, and when the case was called for trial, he tendered an amendment, which the court permitted to be filed over the objections of defendant, and in it he abandoned the cause of action set out in his original petition and averred that "while attempting to cross the defendant's track on said crossing that the defendant, its agents and servants and employes negligently and carelessly and without ringing the bell or blowing the whistle and without having any headlight and without giving plaintiff any warning of the approach of its train ran said train upon, against and over plaintiff at a great rate of speed while plaintiff was attempting to cross the track on the public crossing as aforesaid." There was a public road paralleling defendant's track for a considerable distance each way from the point where plaintiff was injured and along its route it crossed at different places the railroad track as well as Elkhorn creek, along which both it and the railroad ran. It will, therefore, be seen that the negligence relied on in the petition was entirely different from that averred in the amended petition, and the one imposed upon defendant entirely different duties from that of the other. The answer denied all of the acts of negligence relied on in both the original and amended petitions and also pleaded contributory negligence, which was denied by reply, and upon trial before a jury the court peremptorily instructed it to find for defendant if it found from the evidence that he was injured as set out in his original petition; but by another instruction a recovery was authorized if the jury believed that the injury to plaintiff happened in the manner as set out in the amended petition. A verdict was returned in favor of defendant and plain-

tiff's motion for a new trial having been overruled he prosecutes this appeal, urging a number of alleged errors which we will dispose of in the course of this opinion.

While complaint is made in the motion for a new trial of the directed verdict as to plaintiff's right to recover if he was injured while walking the track longitudinally, but little is said in briefs concerning it, and we think the court properly so instructed the jury. The evidence clearly showed that the accident happened at least a half mile from Burdine, which itself was a small mining village with a limited number of houses and there was no substantial proof to bring the use of the track at that point within the rule relied on in the petition, and there was absolutely no evidence as to the amount or extent of travel at that point or at that hour of the night. So, without detailing the evidence on that point, we are confident that plaintiff's testimony did not bring his case within those announcing the doctrine on which he relies.

Another complaint is that the jury that tried the case was composed of seven bystanders when, under the statute, it is improper to include therein more than three bystanders. In the first place, that fact is not properly manifested in the record, since it is only contained in the motion for a new trial, there being nothing relating to it in the bill of exceptions. However, if the question were properly before us, it could not be sustained, since it was the duty of plaintiff to have ascertained that fact and relied on it by proper motion before the return of the verdict. The records of the court necessarily revealed the names of the jurors who had been accepted as bystanders and the slightest diligence would have enabled plaintiff to discover that fact and he will be charged with notice thereof. Having such notice, it was his duty to then and there make an appropriate objection, and if he declined to do so and risked his chances before the improperly impaneled jury, he will be considered as having waived the error and will not be allowed to take advantage of it for the first time on a motion for a new trial. Hunt v. Callihan, — Ky. —; Continental Coal Corporation v. Cole's Admr., 155 Ky. 139, and Eichman's Committee v. South Covington and Cincinnati St. Ry. Co., 126 Ky. 519.

It is next insisted that the court erred in permitting defendant's counsel, during the course of his argument, to read plaintiff's pleadings which were introduced as evidence and read to the jury *during* the introduction of the evidence, as we have held in a number of cases was

proper. We are, therefore, unable to see wherein it was error to permit counsel to call the attention of the jury to written evidence that was properly admitted and read to the jury during the trial. Ada Coal Co. v. Linville, 152 Ky. 2. The reading of that evidence by the attorney in his argument put nothing before the jury that it did not already have and consisted only in calling their attention to it a second time, which even if error could not be so prejudicial as to authorize a reversal.

Lastly, it is urged that the court erred in instruction No. 1 given to the jury, in that it failed to say to it that it was the duty of defendant's agents and servants to maintain a lookout as the train approached the crossing at which plaintiff claimed to have been injured. In the first place, the only testimony that the injury happened at the crossing was that given by plaintiff himself after he had verified his original petition in which he stated otherwise. The place where he was found was some twenty or more feet from the crossing where he was lying on the right of way at about the end of the crossties and where there was considerable blood as a result of his injuries. But one witness, his brother, out of the great number who testified on the trial, stated that there was any blood between that point and the crossing, and plaintiff states that he does not know how he got from the crossing where he claims to have been injured to that point. So that the great preponderance of the evidence was to the effect that the injury occurred as plaintiff first claimed in his original petition. But, however that may be, plaintiff's testimony alone was sufficient to submit that issue as to where he was injured to the jury and the instruction complained of did so in the language of plaintiff's pleading as contained both in his original and amended petition, in both of which he specified the negligence upon which he relied (the failure to signal by bell or whistle and the absence of a headlight), and in neither of which did he aver the failure of defendant's agents and servants to maintain a lookout, although the uncontradicted evidence showed that they did do so. Under such circumstances the court did not err in failing to incorporate in its instructions as a part of defendant's duty the requirement of maintaining a lookout, since if it had done so there would have been a submission of an act of negligence not relied on in plaintiff's pleadings specifying the act of negligence he did rely on.

The rule is firmly settled in this jurisdiction, that a litigant seeking recovery for negligence may charge it in general terms and then prove any appropriate acts of negligence as proximate cause of his injuries, but if he specifies the negligence in his pleading he will be confined to the specified acts. Some of the numerous cases so holding are: L. & N. R. Co. v. McGary's Admr., 104 Ky. 509; Nelson v. Black Diamond Mining Co., 167 Ky. 676; C. & O. R. Co. v. Cooper, 168 Ky. 137; L. & N. R. Co. v. Kirby, 173 Ky. 399; L. & N. R. Co. v. Benke's Admr., 176 Ky. 259; Daniel Boone Coal Co. v. Turner, 181 Ky. 756; L. & N. R. Co. v. Horton, 187 Ky. 617, and a great number of other cases cited in those opinions, together with many more following them.

As illustrative of the duty of the court in framing its instructions where the negligence has been specified, we said in the opinion in the Daniel Boone Coal Company case, *supra*: "It is an elementary rule of practice, that the instruction should be confined to the issues made by the pleadings, and that an instruction is not authorized upon an issue not made or presented by the pleadings." Further along, and after stating the rule as above, the opinion said: "If he (the one complaining of the negligence) specifically avers the acts constituting the negligence, he cannot prove nor rely upon acts of negligence, not alleged in his pleading."

In the Benke case, *supra*, the decedent was killed by a train of defendant at a street crossing. There was testimony authorizing an instruction on what is commonly known as the "last clear chance doctrine," and the court so instructed the jury. On appeal complaint was made of that instruction, but the court sustained it upon the ground that there was no specification of negligence in the petition but only a general charge thereof, and under the rule, *supra*, plaintiff had the right to rely upon any negligence proximately contributing to the injury complaintd of. However, in doing so the opinion said: "But, since the petition charges negligence against the appellants, in general terms, the plaintiff had the right under the repeated adjudications of this court, to show any negligence upon the part of the defendants. A plaintiff's proof is restricted to specific acts of negligence only when he specifies them in his petition. But, as above stated, under a general charge of negligence, any negligence can be shown. Davis' Admr. v. O. V. B.

& T. Co., 127 Ky. 800, 15 L. R. A. (N. S.) 402; Fuller v. I.
C. R. R. Co., 138 Ky. 42; Lexington Ry. Co. v. Britton,
130 Ky. 676; Murray v. C. & O. Ry. Co., 139 Ky. 379; P.
C. C. & St. L. Ry. Co. v. Schaub, 136 Ky. 652, 136 Am.
St. Rep. 273; McQuary v. L. & N. R. R. Co., 128 S. W.
329," which by clear inference held that if there had been
a specification of negligence, without including the fail-
ures complained of in that case, it would have been im-
proper to so instruct the jury

The lookout duty is imposed largely in furtherance
of the "last clear chance" doctrine, since its purpose is
to discover the subsequently injured person in time to
prevent injuring him by the exercise of ordinary care,
although he may have been negligent in placing himself
in peril. The lookout duty, therefore, is properly a part
of the other one, *i. e.,* to exercise proper care to extend to
the injured person the *last clear chance* by maintaining
a lookout so as to be able to do so.

We, therefore, conclude that the court not only did
not err in the respects complained of but it would have
been error for it to have instructed the jury as insisted
upon by counsel for plaintiff; and since we are unable to
find any error prejudicial to plaintiff's substantial
rights, the judgment is affirmed.