# Garmeada Coal Co. v. Davis et al.

June 14, 1949.

James S. Greene, Jr. for appellant.

James W. Smith for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Hanna Davis sustained an injury to his left eye while digging coal for the Garmeada Coal Company in September, 1944. The injury was caused by a foreign substance penetrating his left eye when he hit a sulphur streak. Davis is now industrially blind. The controversy hinges around the question as to the extent this disability is attributable to the injury. In November, 1944, Davis entered into a settlement with the Company under which he received approximately $500.00 for his injury. This settlement was computed upon the basis that Davis had less than one-third normal vision in his left eye when he entered the employ of the Company. The condition of the right eye was not taken into consideration in the computation of the settlement.

In December, 1944, Davis filed a motion to have his case reopened by the Workmen's Compensation Board, and, in January following, an order was entered to that effect. The hearing was had in October, 1946. On the hearing Davis took the position that, prior to his injury, his vision was near perfect and that the accident was the sole cause of his disability. The Company sought to show that Davis' loss of vision was the result of congenital hyperopia and not attributable to the traumatic injury. The Board found that Davis had no industrial vision in his left eye at the time he sustained the injury and that the loss of vision in the right eye was the result

of sympathetic ophthalmopathy occasioned by the injury to the left eye. Davis was awarded compensation for total permanent disability subject to a credit for a prior injury, as provided by KRS 342.095 and 342.120, 1944 Edition.

No question is raised on this appeal as to the correctness of the Board's finding of the amount of vision Davis had before the accident and thereafter. The questions raised are (1) whether there was sufficient evidence to support the Board's finding that the change in Davis' condition since the settlement was due to the traumatic injury; and (2) whether the Board correctly classified the lack of vision in Davis' left eye prior to the injury as a pre-existing injury rather than a pre-existing disease.

The appellee introduced two doctors to establish the causal connection between the injury and his change of condition subsequent to the settlement. Their evidence was given in response to hypothetical questions. The Company contends that the questions did not meet the requirements of hypothetical questions because they omitted in the premises a relevant fact shown by some of the testimony to have existed. Before the depositions of these doctors were taken Davis had testified that an eye specialist had told him the condition of his eyes was the result of hyperopia which had existed prior to his injury and a signed statement of this specialist to that effect had been introduced as evidence. The Company's contention is that the failure to include this fact in the premises of the questions rendered them incompetent. However, Dr. Evans, who testified for the appellee, was asked two questions which assumed that there was no vision in the eye which sustained the traumatic injury, and that the injured person thereafter lost the sight of the other eye. In both instances he responded that the loss of vision would be due to the injury to the sightless eye. Although hyperopia was not named as the cause of the lack of vision in the eye which was injured, that is the only cause which was ever advanced for the previous condition of the appellee's left eye. Thus it appears that the allegedly omitted fact in the hypothetical questions was at least included in part in the questions and was considered by one of the witnesses in making his responses. Furthermore, the inclusion of the fact con-

tended for by the Company was not essential to the competency of the questions and the Board properly admitted the responses to those questions which did not include it. Before these hypothetical questions were propounded to the doctors, Davis had testified that he had near perfect vision before the accident. Persons who knew him said he had never given any indication that his vision was impaired before the accident. Furthermore, testimony had been given both by Davis and a doctor as to the results of an examination showing that he had unimpaired vision before his injury.

As pointed out in Kentucky Traction & Terminal Co. v. Humphrey, 168 Ky. 611, 182 S. W. 854, hypothetical questions must be based upon relevant facts shown to have existed by some of the testimony. However, such questions can be based upon a state of facts which the testimony supports, although there may be conflicting testimony. See also Vogt v. Keller, 289 Ky. 486, 159 S. W. 2d 29; Axton v. Vance, 207 Ky. 580, 269 S. W. 534. It is only the omission of uncontradicted facts which renders a hypothetical question incompetent. Where there is a conflict in the evidence the opposing party may, if he desires, frame hypothetical questions based upon a different set of facts.

We turn now to the question as to whether the evidence properly admitted by the Board was sufficient to sustain its finding. All of the doctors stated that a traumatic injury to one eye may destroy the other eye by what is known as sympathetic ophthalmopathy. Two doctors said in their opinion the vision of Davis' right eye was so destroyed. It was shown that Davis had good vision in his right eye before his left eye was injured. One of the Company's doctors stated from his examination it was his opinion that the loss of sight in both the appellee's eyes was due to congenital hyperopia. While there is considerable conflict in the medical proof, we have no hesitancy in saying that the evidence is amply sufficient to support the Board's finding.

The last question deals with the manner in which the Board made its computation. The Company contends that Davis' pre-existing disability should have been classified as a disease rather than an injury and that the award should have been for only that portion

of the disability caused by the injury in accordance with KRS 342.005 and KRS 342.110. We believe, however, the Board properly followed the ruling in the case of Combs v. Hazard Blue Grass Corporation, 207 Ky. 242, 268 S. W. 1070. In the Combs case an employee, who had no vision in one eye, which condition had existed all of his life, and was probably congenital, lost the industrial vision of the other eye. This Court held that the Board properly awarded total permanent disability less an allowance for the loss of one eye. In this case, as in the Combs case, there was proof showing that the sight of one eye had been lost due to a congenital deformity before the injury. We find no material distinction between the two cases. It is our view, therefore, that the Board properly computed the compensation allowed Davis.

Judgment affirmed.