## Pratt Fruit Co. v. Sparks Bros. Bus Co.

October 6, 1950.

Edward P. Hill, Judge.

594

Howard and Combs for appellants.

J. K. Wells and Combs & Combs, for appellee.

CLAY, COMMISSIONER—Affirming.

In this motor vehicle collision case, a jury awarded appellee $1650 for damage to, and loss of the use of its bus. Appellant contends (1) it should have had a directed verdict because appellee's driver was guilty of contributory negligence as a matter of law; (2) an "emergency instruction" should not have been given; and (3) there was no proof of damage by reason of the loss of use.

Early one afternoon appellee's bus was traveling on an 18 foot highway. Appellant's one and one-half ton truck was parked in front of a grocery store on the left-hand side of the highway as the bus approached, two or three feet off the paved surface. Another automobile proceeding in a direction opposite to that of the bus

passed the truck, and immediately thereafter the latter's driver pulled out onto the highway and angled the vehicle over to the right hand side of the road. The bus struck the truck squarely in the rear.

It appears the bus driver did not observe the presence of the truck on or near the highway until just before the collision took place. On the basis of this proof, appellant argues the bus driver was guilty of contributory negligence as a matter of law because he was not keeping a lookout.

It may have been negligence on the part of the bus driver in failing to observe the presence of the truck and anticipate that it might be driven onto the highway. On the other hand, the approach of the automobile created such a condition that the bus driver may have been justified in concentrating his attention on his own side of the highway. In addition, one could reasonably conclude that, even if he should have seen the truck before it moved, he had the right to assume it would not be driven blindly onto the highway. Whether or not his actions constituted contributory negligence was clearly a jury question.

Appellant also suggests the bus driver should have stopped the bus more quickly, but this was likewise an issue properly submitted to the jury.

Instruction No. 2 advised the jury that if the bus driver was suddenly and unexpectedly confronted with an imminently dangerous situation caused by the truck driver's negligence, the former was not required to adopt the best possible course to avoid the impending collision, although he was still required to operate the bus in a reasonably prudent manner. While we do not think it was necessary for the court to have given such an instruction, it was not improper under the circumstances. The truck did pull out in front of the bus from behind another vehicle, and there was a "sudden appearance." If, as the instruction set out, the emergency was created by the negligence of the truck driver, the bus driver was not under a duty to select the best means of avoiding the danger. This instruction did not absolve him of negligence, but simply defined in greater detail his duties under the preceding contributory negligence instruction.

596

,A witness for appellee testified that the reasonable rental value of a bus, such as the one involved, was $60 a day, but that would include operating expenses of $20 to $25 a day. From this proof and other testimony, the jury could reasonably find that the net rental value was $25 to $35 per day. Appellee lost the use of this bus for 76 days. It is apparent the jury allowed the sum of $217.43 for the loss of use. How the precise figure was arrived at we are unable to determine, but there was sufficient evidence upon which the jury could find this a reasonable rental value for a reasonable time.

The judgment is affirmed.