**SCUDDY MINING COMPANY, Inc.,**
**Appellant,**

v.

**Columbus COUCH, Appellee.**

Court of Appeals of Kentucky.

Oct. 19, 1956.

Craft & Stanfill, Hazard, for appellant.

William Melton, Hazard, Bert T. Combs, Prestonsburg, for appellee.

WADDILL, Commissioner.

This is the second appeal of this case. On the first appeal we reversed the judgment on the ground that the circuit court should have sustained appellant's motion for a directed verdict, and said that if on another trial the evidence should be substantially the same a verdict should be directed for appellant. Scuddy Coal Co., Inc. v. Couch, Ky., 274 S.W.2d 388.

The evidence introduced upon the second trial shows that appellee lived near the top of a hill in a remote section of Perry

County known as "School House Hollow." Appellant had laid mine track along a section of the roadway used by appellee and other families as a means of ingress and egress to and from their property. While descending from his home on his mule, appellee found the way blocked by several mine cars on appellant's tramway. Appellant's agent instructed appellee to wait until the cars could be moved, which was done, then directed appellee to proceed over the tramway. As appellee proceeded over the track, the mule stepped upon a loose mine tie, which flew up, striking the animal, causing the mule to buck. Appellee was thrown, and sustained injuries for which recovery was sought. The jury returned a verdict for appellee in the sum of $30,000.

■ The evidence introduced on the second trial is substantially different from that introduced at the first trial in that it clearly shows that appellee was using the tramway at the invitation and direction of appellant's agent. Also, there was evidence that the tramway was in an unsafe condition at the time appellee was invited to travel over it. We therefore conclude that there was sufficient evidence of a breach of duty on the part of appellant to submit the case to the jury. Codell Const. Co. v. Steele, 247 Ky. 173, 56 S.W.2d 955.

Appellant urges that appellee was guilty of negligence as a matter of law. The only evidence tending to support this contention was of appellee's act in going upon the tramway. Under the circumstances, his act in so doing was not negligence per se. It was not his going upon the tramway that produced his injuries, but it was the unsafe condition of the tramway which appellee had no notice of when he entered upon it. The question of whether or not appellee used ordinary care for his own safety under the circumstances was submitted to the jury under a proper instruction.

■ Appellant also complains that instruction number two placed a duty to exercise ordinary care upon it when the proper duty was to refrain from wilfully injuring appellee. Apparently appellant relies upon the conclusion we reached in our former opinion wherein we said that appellee was not a trespasser, nor an invitee, but was a licensee. But the conclusion we reached on the first appeal was based upon an entirely different set of facts than are now presented. On the instant appeal it was not only established that appellee entered upon the tramway at the expressed invitation of the appellant's foreman, but that appellee crossed the tramway at a place pointed out by appellant's agent. Under these facts we conclude that there was an implied representation that care had been exercised to make the tramway safe for use. Thus, it follows that appellee was an invitee and the instruction given was proper. See Shoffner v. Pilkerton, 292 Ky. 407, 166 S.W.2d 870.

We find that the trial of the case insofar as it fixes liability is free of prejudicial error. However, the verdict of $30,000 awarded for the injuries that appellee allegedly sustained, is so grossly excessive that we are constrained to reverse the judgment for that reason alone. CR 59.01(4).

■ Under CR 59.01, the court has discretion to order a partial new trial as to one or more issues where it appears that the issue in question is severable from and not interwoven with the remaining issues. The theory behind this rule is a party who has already had his day in court as to a particular issue may not have another opportunity to relitigate the same point unless a partial new trial will result in a miscarriage of justice. Yates v. Dann, D.C., 11 F.R.D. 386. Also, see: Smith v. Webber, Ky., 282 S.W.2d 346; Jackson v. Raisor, Ky., 248 S.W.2d 905.

■ The present suit is a tort case. Evidence going to show the manner in which the accident occurred could not conceivably have the slightest bearing upon the nature and extent of appellee's injuries. Upon the issues relating to liability, the appellant has been given two trials with full

opportunity to submit its defense. Two different juries found verdicts for the appellee. We think it would violate the spirit and intent of CR 59.01 to again require a retrial of the question of appellant's culpability. We regard this case as an appropriate one in which to inaugurate this procedure.

Wherefore, the judgment is reversed, and a new trial granted, limited solely to the issue of damages.