Irvin H. SONNE, Appellant,

v.

Albert Duncan BOOKER, Who Sues by His Mother and Next Friend, Rachel Booker, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1957.

Rehearing Denied March 21, 1958.

Blakey Helm, Louisville, for appellant.

Harry L. Hargadon, Joe Leibson, Alan N. Leibson, Louisville, for appellee.

MILLIKEN, Judge.

This appeal is from a judgment of the Jefferson Circuit Court awarding $10,000 damages to appellee for injuries sustained by him when he fell from the second story landing of an exterior stairway (fire escape) of an apartment building owned by appellant, hereinafter called the landlord.

Appellee, who was two years and eight months old when the injury was sustained, lived in a second story apartment with his parents. The apartment was so situated that it opened onto an enclosed porch at the rear of the building. This porch opened onto a landing which was part of what had originally been a fire escape, but which appellee contended had been adopted by the landlord as a means of ingress and egress for the tenants who occupied the building. There was conflicting evidence concerning the adoption for such use by the landlord, and this issue was submitted to the jury as a question of fact. Before securing a license to use the building for rental purpose, the landlord had installed a fire alarm system and fire doors.

On the day the child was injured, his mother was standing on the enclosed porch talking across the way to a neighbor. As she was conversing, appellee, twenty-five and one-half inches tall, wandered out onto the landing. As he neared the edge he apparently reached up to grasp the railing, which was eighteen and one-half inches above the landing. Either because he failed to grasp the rail or because he could not hold it, appellee went beneath the rail and fell to the concrete pavement some twenty feet below. He landed on his face and sustained injuries to his mouth, lips and jaw. Subsequently, appellee, by his mother, sued the landlord and obtained the judgment from which this appeal was granted.

The grounds relied upon by the landlord for reversal are: (1) A directed verdict for him should have been granted; (2) incompetent evidence was admitted; (3) errors in the instructions; and (4) excessive damages.

In support of his first contention, the landlord advances a dual argument. Initially he maintains that there was no evidence of negligence on his part for the reason that he was under no duty of care with respect to the fire escape from which appellce fell, since it was not being used as a fire escape when the injury was sustained. This argument ignores the evidence, which was sufficient to sustain the finding of the jury that the landlord had adopted the fire escape as a means of ingress and egress for the occupants of the apartment building. This question was submitted to the jury under an instruction which permitted them to find that the tenants were using the fire escape as an entrance and exit, with the knowledge and acquiescence of the landlord or his agents in charge, and that it was adopted by the landlord for such use. We think the fact that the landlord visited the building nearly every day, coupled with the testimony of his manager that the tenants and their children used it constantly to come and go, was sufficient to support the jury's finding in that respect.

Having so found, the jury could properly hold the landlord to a duty of ordinary care with respect to maintaining the fire escape for use by all of his tenants as a means of ingress and egress. See, Nash v. Searcy, 256 Ky. 234, 75 S.W.2d 1052. But the landlord argues that there was no causal connection between the alleged breach of this duty and the injury to appellee. This contention involves the instructions given by the trial court concerning the nature of the landlord's duty. The jury was instructed that his duty included the duty to provide, on the landing from which appellee fell, on its unenclosed side, a metal mesh or other rigid guard at least four feet high without any openings greater than eight inches in width. The landlord argues that these provisions were taken from a section of the City of Louisville Building Code which is not applicable to his building.

The Building Code of the City of Louisville was adopted in 1950, and the building here involved was purchased by the landlord in 1951. Section 1902 (1) of the Building Code provides that "every building heretofore erected * * * shall be provided with exit facilities adequate for the safety of the occupants," and "such exit facilities shall not provide less safety to the occupants than that obtained by compliance with the provisions of this section." Subsection 4(h) of this section, governing exterior fire escapes on hereafter constructed buildings required them to conform to the minimum requirement "of substantial guard railings consisting of not less than triple guard rails equally spaced with top rail not less than forty-two inches high." This requirement would make the guard rails about ten to twelve inches apart with the lowest guard rail about ten inches above the platform, while the lowest rail actually constructed was eighteen and one-half inches above the platform. However, the instruction given the jury was based on Section 607(4) of the Building Code governing exterior stairways which required such stairways "unless otherwise enclosed" to have "metal mesh or other rigid guards at least four feet high without any openings greater than eight inches in width" enclosing the open sides. Whichever section of the Building Code was applicable, it is apparent that the landlord complied with neither. Both sections of the Ordinance set a standard in requiring the erection of substantial barriers, and for that reason we do not believe that the differences between them are vital. We do not believe the accident would have happened had either type barrier been erected. Both general negligence and the mandates of Section 607 of the Building Code were pleaded as a basis of recovery, and the

judgment could be sustained on the basis of general negligence and substantial justice done. CR 8.06.

◼ Neither do we consider Instruction No. 1 prejudicial to the landlord. If the stairway was used by the tenants "only as a fire escape," it certainly was not used by them as a stairway for general purposes. If it were not used for general purposes by the tenants, then acquiescence of the landlord in such use is not involved. We conclude that the jury was not misled by the instruction to the prejudice of the landlord.

◼◼ The next complaint of the landlord concerns a hypothetical question asked by appellee's counsel of a doctor who had examined appellee. That question was properly framed. Counsel for the landlord cites the cases of Southeastern Greyhound Lines v. Bingham, 299 Ky. 381, 185 S.W. 2d 540, and Byck v. Commonwealth Life Insurance Co., Ky., 269 S.W.2d 214, in support of his contention that the question should have been excluded. Both of those cases involved hypothetical questions which assumed the existence of factors not shown by the proof, and such questions should have been excluded. But the question objected to in the instant case assumed no such factors. There was evidence to support each of the assumptions contained in the question, and the rule applicable is that hypothetical questions put to experts may be based upon a state of facts which the evidence supports, though there is conflicting testimony. Garmeada Coal Co. v. Davis, 310 Ky. 639, 221 S.W.2d 622.

◼ The appellee suffered three fractures of the lower jawbone as well as multiple bruises and lacerations. He was hospitalized for ten days and received treatment for eight to ten months. There was medical as well as lay testimony that the youngster has a speech impairment which is attributable to the accident in some degree. Furthermore, there was medical evidence that the child is mentally retarded

and that he suffered damage to the brain in a very severe form, that the condition would not improve, and that he would never be able to carry on any gainful employment if he should live to adult life. Although counsel questions the competence of much of this evidence, we cannot agree with him and find it competent. CR 15.02. We conclude the damages are not excessive. J. C. Penney Co. v. Livingston, Ky., 271 S.W.2d 906.

The judgment is affirmed.