James PHIPPS, Suing by His Next Friend, A. L. Phipps, Appellant,

v.

Frank Phillip BISCEGLIA, Appellee.

James PHIPPS, Suing by His Next Friend, A. L. Phipps, Appellant,

v.

Ken PATTERSON, Appellee.

Court of Appeals of Kentucky.

Oct. 23, 1964.

J. W. Jordan, Barbourville, for appellant.

Charles G. Cole, Jr., Cole & Cole, Barbourville, for Frank Phillip Bisceglia.

Robert R. R. Boone, Pineville, for Ken Patterson.

MONTGOMERY, Judge.

James Phipps sued Ken Patterson and Frank Phillip Bisceglia to recover damages for personal injuries resulting from an auto collision. The jury awarded Phipps $1,000 in damages against Patterson alone. From the judgment entered Phipps appeals. He urges that the jury was improperly selected; that as to Patterson the verdict was erroneous; and that as to Bisceglia a sudden emergency instruction should not have been given.

■ Phipps contends that the jury was improperly selected. After his counsel had struck three names from the jury list and returned the list, the clerk changed the list by deleting the name "Ella Mays" and substituting therefor the name "Ella Smith." Ella Mays was an acceptable juror to appellant. Ella Smith was not. It is not urged that the claimed error was discovered after the trial. The record indicates that this objection was made for the first time in the motion and grounds for a new trial. Such an objection is too late. Crosthwaite v. Crosthwaite, 151 Ky. 364, 151 S.W. 945; Belcher v. Sandy Valley & E. Ry. Company,

207 Ky. 560, 269 S.W. 729; Lanning v. Brown, Ky., 377 S.W.2d 590.

The verdict was as follows:

"We the jury find defendant Patterson, guilty for the accident and that he should pay $1,000.00, on hospital bill for James Phipps."

Phipps insists that on such a verdict he should have been awarded damages covering pain and suffering, permanent injuries, and other medical expenses sustained by him.

There was evidence that Phipps had suffered permanent injury from a broken neck. He argues that the jury failed to follow the instructions of the court.

■ The rule in such cases is that where the jury disregards uncontroverted evidence as to elements of damage and the court's instructions in regard thereto, a new trial shall be awarded because of the inconsistency of the verdict. Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272; Biggs v. Toone, Ky., 244 S.W.2d 443; Smith v. Webber, Ky., 282 S.W.2d 346.

■ Appellee Patterson has not seen fit to file a brief. The appellant's statement of the facts and issues is accepted as correct, and the judgment as to Patterson is affirmed on the issue of liability and reversed on the issue of damages. RCA 1.260(c) (1) and (2). Accordingly, Phipps is granted a new trial against Patterson in which only the issue of damages will be tried. CR 59.01; Scuddy Mining Company v. Couch, Ky., 295 S.W.2d 553; Carney v. Scott, Ky., 325 S.W.2d 343.

■ The court defined the duties of Bisceglia in driving his car and then concluded the instruction as follows:

"* * * to travel on his right hand side of the highway unless you believe from the evidence that Ken Patterson suddenly drove out of the private driveway onto the highway and so near

to the approaching Frank Phillip Bisceglia's car that it was necessary or was believed by Frank Phillip Bisceglia, in the exercise of reasonable judgment to be necessary to turn to his left side of the highway in order to avoid a collision with the Ken Patterson car, even though the jury may believe from the evidence that turning to the left side of the highway under such circumstances was not the best or proper way to avoid the collision."

Phipps complains that this instruction was not justified by the evidence.

Phipps and Bisceglia were each driving a car northwardly on U. S. Highway 25E, with Bisceglia's car immediately in front. Patterson drove his jeep from a driveway on the east or right side of the highway onto the highway in a northward direction in front of the two oncoming cars. As Patterson was driving his jeep onto the highway, Phipps was attempting to pass Bisceglia, who swerved his car into the left lane to avoid Patterson's jeep, and thus occurred the collision.

Phipps contends that Bisceglia was not entitled to the emergency instruction because Bisceglia had placed himself in a position of peril by not having his car under proper control while driving at a high rate of speed and by accelerating and attempting to pass the jeep pulling onto the highway. Phipps testified that he had pulled his car even with Bisceglia in the act of passing.

Bisceglia testified that he saw Patterson's jeep parked to the right and perpendicular to the highway; that when about 100 to 150 feet away he sounded his horn and took his foot off the gas; that when he reached a point between 40 and 60 feet from the jeep it pulled out onto the highway in front of his vehicle; that at that time his vehicle was traveling in its proper lane and at less than 60 miles per hour; that he pulled to the left to avoid a collision with Patterson's jeep; that he had about a second to avoid the collision; and that when he turned to

the left the left lane of the highway was clear. His wife's testimony corroborated his, as did the testimony in part of some other witnesses.

The testimony given in behalf of Bisceglia was sufficient to justify the instruction given. Edmiston v. Robinson, 293 Ky. 273, 168 S.W.2d 740; Berry v. Jorris, 303 Ky. 799, 199 S.W.2d 616; Pratt Fruit Company v. Sparks Bros. Bus Company, 313 Ky. 593, 233 S.W.2d 92; McCoy v. Carter, Ky., 323 S.W.2d 210.

The judgment is affirmed as to Bisceglia and as to the liability of Patterson but is reversed and a new trial directed on the question of damages alone as to Patterson.