**Alma Chapman NALL et al., Appellants,**

**v.**

**Thomas B. LARKIN, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1967.

———◆———

James L. Collier, Faurest & Collier, Hobson L. James, Elizabethtown, for appellants.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellee.

WADDILL, Commissioner.

Alma Chapman Nall, L. Kenneth Dutschke and his son, Kenneth Logan Dutschke, appeal from a judgment awarding Thomas B. Larkin $1,173.85 against Nall, and $12,-500 against the Dutschkes. The trial court had directed a verdict for Larkin but had instructed the jury to determine the amount and apportionment of damages against Nall and the Dutschkes.

This action arose out of a vehicular collision on December 19, 1964. (The elder Dutschke was not present at the collision and all factual references hereinafter apply only to his son). The sequence of events is undisputed. The afternoon of the accident was clear and the pavement was dry as Dutschke drove his father's flatbed truck in a northerly direction on Highway 31–W, a four-lane road divided by a median eighteen feet wide. He was traveling about 45 to 50 miles per hour and following a Ford Falcon at a distance of 50 to 75 feet. Alongside him in the passing lane was a vehicle driven by Nall at a speed of 50 to 55 miles per hour. The speed of the Falcon was suddenly slowed, presumably to turn right into a driveway, and Dutschke immediately steered his truck into the passing lane to avoid striking it. Nall then drove across the median to avoid hitting Dutschke's truck. Larkin, who was driving ·in the southbound lane next to the median, observed these events while about 250 feet away and brought his vehicle to a stop in a nearby crossover in the median. The Nall vehicle traveled out of control in the southbound lanes a distance of over 200 feet and struck the rear of the Larkin vehicle causing physical injury to Larkin. So far as the record discloses the identity of the driver of the Falcon was not established.

In urging reversal of the judgment it is contended that Nall was entitled to a directed verdict, Nall and Dutschke were entitled to sudden emergency and aggravated damage instructions, the jury ought not to have been instructed that Nall was required to blow her horn and observe signals and the objection to a hypothetical question should have been sustained.

■ It is argued by Nall that there was no evidence of her negligence to submit to the jury and therefore she was entitled to have her motion for a directed verdict sustained. Nall and her two daughters, passengers in her vehicle, testified that she sounded her horn three times as she attempted to pass Dutschke, but Larkin, Dutschke and his passenger stated that they heard no horn. More importantly, the investigating officer testified that Nall apparently did not apply her brakes as she traveled over 200 feet out of control. We conclude that Nall was not entitled to a directed verdict since there was evidence from which the jury could find that she was negligent in failing to take sufficient affirmative action to regain control of her vehicle. Collett v. Taylor, Ky., 383 S.W.2d 692.

■ Larkin insists that we should not review the Dutschkes' request for a sudden emergency instruction because they failed to make timely objection to the instructions given by the trial court. At the close of all the evidence the Dutschkes offered an instruction substantially similar to that set out in Phipps v. Bisceglia, Ky., 383 S.W.2d 367, and based on the sudden emergency created by the operation of the Falcon. The tendered instruction obviated the necessity of a formal objection. CR 51; Commonwealth Dept. of Highways v. Farris, Ky., 351 S.W. 2d 526.

■ Dutschke testified that he had glanced in his rearview mirror and observed the Nall vehicle some distance behind when the Falcon suddenly slowed in front of him. It was his opinion that the Nall vehicle was far enough away to permit him to pass the Falcon safely. As to the sudden change in the speed of the Falcon his testimony was corroborated by each of the other witnesses to the accident who testified.

While Larkin insists Dutschke was not entitled to this instruction because the facts show that he created the emergency by failing to keep a proper lookout, we are unwilling to say this as a matter of law. This is a factor for the jury to consider under a proper instruction. McCoy v. Carter, Ky., 323 S.W.2d 210; Pratt Fruit Co. v. Sparks Bros. Bus Co., Ky., 313 Ky. 593, 233 S.W.2d 92.

Nall contends the trial court erred in rejecting a similar sudden emergency instruction that she offered based on the sudden movement of Dutschke into her lane of traffic. There is no evidence to indicate that she had any warning that she might have difficulty in passing Dutschke prior to the slowing of the Falcon and the swerving of Dutschke's truck. Therefore she should not be denied the benefit of a sudden emergency instruction. Cf. Sloan v. Iverson, Ky., 385 S.W.2d 178. Whether she helped create this secondary emergency is again a factor for a properly instructed jury to consider. McCoy v. Carter, supra; Pratt Fruit Co. v. Sparks Bros. Bus Co., supra.

■ An instruction that Larkin was not entitled to damages if his negligence in not obtaining proper and timely treatment of his injuries aggravated them was jointly offered by the Dutschkes and Nall. They contend the trial court erred in refusing to give this instruction since the only medical witness testified that failure to properly treat the injury of Larkin could make it worse. However, Larkin testified that he received certain medical treatment as soon

as he experienced physical difficulty (about one month after the accident). While the nature of this treatment was not described by a medical witness, the Dutschkes and Nall introduced no evidence to show that the treatment described by Larkin was deficient. We believe the trial court did not err in refusing this instruction.

■ Nall contends the trial court erred in its general instruction by holding her to a duty to sound her horn when passing Dutschke and to observe other signals. She argues it would have made no difference if he had heard her horn since he admitted being aware of her presence behind him. His testimony shows he did not realize that she was attempting to pass his truck. The duty to sound her horn may properly be considered by the jury. As to the contention concerning her duty to observe other signals there was no evidence that Dutschke gave any signal of his intention to change lanes and consequently she had no duty in this respect.

■ Dutschke contends the trial court erred in overruling his objection, premised on lack of evidence to support it, to a hypothetical question directed to the medical witness. The statement to which he objects is "* * * assuming that he has had the pain that he described to you since December 20, 1964 * * *." Larkin had previously stated that he never had this pain until after the accident. Since it was based on facts in evidence the question was properly permitted. Sonne v. Booker, Ky., 310 S.W.2d 526.

We also conclude the trial court erred in directing a verdict in favor of Larkin. In the event of another trial and if the evidence is substantially the same, the trial court, instead of directing a verdict, should enumerate the applicable statutory duties which Nall and Dutschke were required to perform in the circumstances of this case and will also give emergency instructions for both Nall and Dutschke. See Phipps v.

Bisceglia, supra. All questions not specifically answered are reserved.

The judgment is reversed with directions to grant a new trial.

All concur.