**Archie BROWN et al., Appellants,**

**v.**

**Ernest E. TODD, Appellee.**

Court of Appeals of Kentucky.

March 15, 1968.

Reuben G. Hicks, Whitley City, Fritz Krueger, Somerset, for appellants.

C. Homer Neikirk, Lawrence S. Hail, Somerset, for appellee.

CLAY, Commissioner.

Plaintiffs appellants sought to recover personal injury and property damages which resulted when defendant appellee's automobile ran into the rear of the car in which they were riding. The jury found for defendant. On appeal the only issue is whether the trial court properly instructed the jury.

The accident happened on a two-lane blacktop highway (U. S. Highway 27, north of Somerset) in broad daylight. The highway was straight and the road conditions were good. Plaintiffs were driving north in the proper lane at about 50 to 55 miles an hour. Defendant was in a following car about 100 to 150 feet behind, traveling at about the same speed.

According to the plaintiff driver, a "good-sized dog" came out of the ditchline in front of him on the right and up onto the shoulder of the road. There was testimony, "it looked like it was going to go across the road". The plaintiff driver jammed on his brakes and defendant struck plaintiffs' car forcibly from behind. According to defendant, no adequate signals of this sudden slowing or stopping were given (although the plaintiff driver testified to the contrary).

The court instructed on the general duties of defendant, about which no question is raised. The jury was also instructed that it was the duty of the plaintiff driver to give a signal of his intention to slow or stop his car by extending his arm downward. Plaintiffs question this instruction on the ground it omits the giving of a signal by a mechanical signaling device prescribed by KRS 189.380(4), but this objection cannot be considered because it was not properly preserved for review under CR 51.

The principal question is whether plaintiffs were entitled to a "sudden emergency" instruction. It is contended by defendant that this alleged error was not preserved for appellate review but we conclude to the contrary. The record shows that the following oral motion was made:

"Comes the Attorneys for the Plaintiffs and moves the Court to instruct the Jury that the driver of the Brown car (plaintiff) namely, Archie Brown had the right to apply his brakes suddenly if an emergency with reference to striking a dog suddenly presented itself without giving any signals of his intention to slow down or stop, said motion is overruled by the Court to which counsel for the Plaintiffs object and except."

Under CR 51, in order to preserve for appellate review alleged errors in the in-

structions, a party is required to (1) offer "written requests", or (2) make specific objections. As pointed out in Clay, Kentucky Practice, Vol. 7, CR 51, Comment 5 (page 92):

"The important considerations should be: (1) the protection of the trial court from inadvertent error; and (2) the protection of the parties' rights to a fair trial when counsel in good faith attempts to question the substance of the instructions."

We have held that if offered written instructions clearly present a party's position, it is unnecessary to make specific objections to the instructions actually given in order to preserve the asserted error. Fields v. Rutledge, Ky., 284 S.W.2d 659, 58 A.L.R.2d 210; Nall v. Larkin, Ky., 421 S.W.2d 74. By the same token we believe a motion, such as made in this case, which fairly and adequately presents the party's position with respect to a recognized legal theory, fulfills the function of a specific objection to given instructions which do not incorporate that theory. Certainly it would have been better practice for plaintiffs to have offered a written instruction or request on this issue (the wording of the motion does not embody all of the necessary elements), but we are of the opinion that the action taken fairly presented to the trial court the propriety of such an instruction, and we may consider it on review.

It may be observed that the question presented is somewhat unique in that the *plaintiffs* are demanding a "sudden emergency" instruction. Normally it is the *defendant* who invokes the doctrine to excuse his failure to comply literally with duties imposed by statute. See Nall v. Larkin, Ky., 421 S.W.2d 74. Basically, however, the instruction qualifies the duties imposed on any party charged with negligence.

In this case one of defendant's defenses was that the plaintiff driver was contributorily negligent. If the latter had a right to defend the charge of contributory negligence on the ground of sudden emergency, he would be entitled to the instruction the same as if he had been a defendant charged with original negligence. See McDaniel v. Capitol Transport Co., La.App., 35 So.2d 38.

Our question then narrows to whether the jury should have been permitted to determine if plaintiff driver's sudden slowing or stopping without appropriate or adequate signals, which might otherwise constitute negligence, constituted due care under the circumstances. In practically all of the Kentucky cases involving the "sudden emergency" question the intervening agency has been another vehicle on the highway. See Phipps v. Bisceglia, Ky., 383 S.W.2d 367; cases cited therein; and cases above cited. We see no logical reason, however, why the doctrine should be limited to vehicles (or objects) actually occupying the traveled portion of the highway. For example, a swooping airplane or a falling boulder could conceivably create an emergency for a motorist. So could a roving animal. See 29 A.L.R.2d 5, 60.

Apparently on the ground that the dog had not reached the traveled portion of the highway, defendant contends that as a matter of law no emergency existed, and the evidence merely shows the plaintiff driver "thought one did". Whether the confrontation was sudden and unexpected and whether it was reasonably apparent to the driver that he would be involved in a perilous collision are factual issues to be resolved by a jury under the "sudden emergency" instruction. See Miles v. Southeastern Motor Truck Lines, 295 Ky. 156, 173 S.W.2d 990, and Phipps v. Bisceglia, Ky., 383 S.W.2d 367. This is not a matter of law. It was for the jury to determine whether there was any or such a sudden emergency as to justify the plaintiff driver's precipitate stopping on the highway without giving adequate signals. If so, the jury could find his course of con-

duct constituted reasonable care under the circumstances. The situation presented by the proof was such as to entitle the plaintiffs to a proper instruction on sudden emergency. It should be substantially in the form prescribed in Stanley's Instructions to Juries, 2d Ed., Vol. 1, section 139a (page 255).

The judgment is reversed, with directions to grant appellants a new trial consistent with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.