RENDERED: FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0759-MR

BRONDA G. MESSAMORE AND H.
KEITH MESSAMORE                                                    APPELLANTS

v.
APPEAL FROM UNION CIRCUIT COURT
HONORABLE C. RENE' WILLIAMS, JUDGE
ACTION NO. 19-CI-00135

MISTI BLAKE                                                          APPELLEE

OPINION
VACATING AND
REMANDING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE: This is a personal injury action in which Bronda G. Messamore

and her husband, H. Keith Messamore (Appellants), appeal the summary judgment

of the Union Circuit Court entered in favor of Misti Blake (Appellee). The

Messamores argue that the circuit court erred in its application of the sudden

emergency doctrine and that issues of fact remain that preclude summary

judgment. After our review, we are compelled to agree. Consequently, we vacate and remand for further proceedings.

In September 2018, the Messamores were injured when the vehicle in which they were traveling was struck by a vehicle being driven by Blake. In the mid-afternoon, Blake was driving north on Highway 130 within four miles of her home between Morganfield and Uniontown when she approached "Sample's Curve." In her deposition, Blake described this portion of the road as a "blind curve." She admitted that the curve was particularly dangerous and that it was not uncommon for collisions to occur there. She knew that it was marked as a no-passing zone. Blake explained that it was raining moderately and that she slowed down to thirty-five (35) miles per hour to round the curve.

As she entered the curve, she saw -- stopped in her lane of travel -- an ambulance with emergency lights activated and flashing. The ambulance was responding to the scene of a vehicle that had left the roadway. Blake explained that she "[d]idn't see anything coming opposite lane. Swerved into their lane a little bit and seen Lucy Campbell [Ms. Messamore], and I sideswiped her car[.]" Blake indicated that she (Blake) swerved into the oncoming lane of travel to avoid "taking out the back of the ambulance." Blake testified that she did not know whether the speed limit was thirty-five (35) miles per hour or twenty-five (25) miles per hour. She said that she knew that if she "even tried to brake like I was

going to take it [the ambulance] out[.]" She denied seeing anyone directing traffic around the ambulance and explained that she collided with the Messamores' vehicle in the curve before she "got up to the ambulance." She indicated that she hit the brake and lost control of her vehicle. "It was like I hit glass. It was like I just skidded."

Her driver-side headlight and fender struck halfway down the Messamores' driver-side door and continued down the length of their rear passenger door. Blake indicated that the Messamores' vehicle was completely in its own lane of travel when she encountered it. She remembered that a text had come in to her cell phone, that the cell phone was in the cupholder next to her, and that she had asked her passenger to read it.

In her deposition, Ms. Messsamore testified that she and her husband waited at an accident scene between five and ten minutes before they were cleared by an individual directing traffic to proceed in their lane of travel. As she drove into Sample's Curve, Messamore saw another man flagging traffic and slowed her vehicle. She saw Blake's vehicle approaching at about forty (40) miles per hour or forty-five (45) miles per hour when the tires on the approaching vehicle suddenly "locked up," and the vehicle slid into hers.

In his deposition, Mr. Messamore testified that as he and his wife entered Sample's Curve, he saw "a good Samaritan" motioning Blake's vehicle to

stop. Half a second later, Blake's vehicle entered their lane of travel and struck the driver's side of their vehicle. He indicated that Blake's vehicle was traveling fast.

The collision report prepared by a Union County Sheriff Department investigator confirms that it was raining and that the pavement was wet at the time of the collision. An eyewitness reported that Blake: disregarded a gentleman attempting to stop her vehicle, encountered the Messamores' vehicle in Sample's Curve, applied the brakes, and slid into the Messamores. The narrative portion of the report concluded as follows: "It is unknown if [Blake] ignored the traffic controller and drove past him or if she simply did not see him as the [*sic*] was raining moderately at the time." The report identified a slippery surface as an environmental factor contributing to the collision. It identified Blake's disregard of traffic control (the center line) and her failure to keep proper control of her vehicle as contributing human factors.

In September 2019, the Messamores filed a negligence action against Blake in Union Circuit Court. Blake answered and denied that her negligence caused the collision. Following discovery, Blake filed a motion for summary judgment. She argued that the Messamores could not show that she breached the duty of care because the sudden emergency doctrine applied to the undisputed facts. The Messamores opposed the motion and filed a memorandum in support of

their position.  The circuit court granted the motion for summary judgment in June 2021.  This appeal followed.

On appeal, the Messamores argue that the circuit court erred by concluding that Blake's decision to enter their lane of travel did not breach the duty of care as a matter of law.  We agree.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR[1] 56.03.  Upon our review, we must consider whether the circuit court correctly determined that there were no genuine issues of material fact concerning Blake's alleged negligence and if it properly concluded that she was entitled to judgment as a matter of law.  *See Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996).  Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision.  *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992).  Instead, we review the trial court's interpretations of law *de novo.  Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

---

[1] Kentucky Rules of Civil Procedure.

In *Regenstreif v. Phelps*, 142 S.W.3d 1 (Ky. 2004), the Supreme Court of Kentucky explained that the sudden emergency doctrine is used to evaluate the conduct of one who is unexpectedly confronted with an emergency situation that allows no time for deliberation. The doctrine defines the duty of care expected of a prudent person in an emergency situation. *Id.* It applies only where a defendant encounters a condition that he has had no reason to anticipate and that has not resulted from his own negligent conduct. *Id.* Whether the encounter was sudden and unexpected and whether it was reasonably apparent to the driver that he would be involved in a perilous collision are typically factual issues to be resolved by a jury. *Brown v. Todd*, 425 S.W.2d 737, 739-40 (Ky. 1968).

Our courts have recognized that the presence of other vehicles in one's lane of travel could conceivably create an emergency for a driver that would justify a sudden emergency qualification of the driver's duty of care. *Regenstreif*, *supra.* In the emergency, the obligation to obey a specific duty may yield, but only where the driver invoking the doctrine has not caused the emergency to arise. *Henson v. Klein*, 319 S.W.3d 413, 422 (Ky. 2010). The fact that a driver is not negligent after the emergency has arisen does not preclude liability for her tortious conduct that produced the emergency. *Id.*

This case centers around the issue of whether Blake's driving created the emergency. The circuit court reviewed the record and determined that the

Messamores failed to present **any evidence to refute** Blake's testimony that she was not driving too fast for the road conditions surrounding this event. However, having reviewed Blake's deposition, we find no such testimony. Instead, Blake indicates only that she was driving thirty-five (35) miles per hour and that she did not know the speed limit.

On the contrary, the Messamores testified that Blake was driving fast. The collision report prepared by the investigator for the sheriff's department identified Blake's failure to keep proper control of her vehicle as a relevant factor in the collision. Furthermore, he indicated that she either "ignored the traffic controller and drove past him" or failed to see him because of the rain. It had been raining for some time before the collision, and Blake is charged with knowing that the road might be slippery and that visibility might be reduced. She admitted that the curve was particularly dangerous.

No one indicated that Blake was driving slowly, cautiously, and attentively. Instead, the Messamores offered affirmative evidence indicating that Blake was driving negligently as she rounded the curve and entered their lane of travel to avoid the ambulance. Ordinarily, when a vehicle is struck in its own lane of travel, the vehicle in the lane of oncoming travel is presumed to be at fault. *Paducah Area Public Library v. Terry*, 655 S.W.2d 19 (Ky. App. 1983). Moreover, the sudden emergency doctrine cannot aid the defendant where her

decision to enter the lane of oncoming traffic resulted from a situation that could reasonably have been anticipated. *Id.*

Under these circumstances, we conclude that Blake was not entitled to judgment as a matter of law. It was for a jury to determine whether Blake was negligent by: driving too fast for road conditions; failing to notice the man flagging her to slow her vehicle; crossing the center line to avoid the ambulance because she could not stop her car; losing control of her vehicle on the wet pavement as she tried to avoid the Messamores' oncoming vehicle; and, ultimately, colliding with the Messamores.

The summary judgment of the Union Circuit Court is vacated, and this case is remanded for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Nathan Lee Bishop
Henderson, Kentucky

BRIEF FOR APPELLEE:

S. Madison Gray
Davis L. Hunter
Henderson, Kentucky